IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Fidelis Johnson Badaiki, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| Schlumberger Holdings Corporation, Schlumberger Limited, Schlumberger Technology Corporation, Cameron International Corporation, Paal Kibsgaard, Olivier Le Peuch, Steve McKenzie, Jamilah Cummings, Marisa Henning, John Corkhill, Nathan Cooper, Ray Arbor, Jay Jurena, Ed Gaude, and Henry Weissenborn, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendants Schlumberger Holdings Corporation, Schlumberger Limited, Schlumberger Technology Corporation, Cameron International Corporation, Paal Kibsgaard, Olivier Le Peuch, John Corkhill, Nathan Cooper, Ray Arbor, and Jay Jurena (collectively, the "Schlumberger Defendants") hereby remove this action from the 125th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. Plaintiff's amended petition in the state-court proceeding undeniably raises federal claims and federal questions under 42 U.S.C. § 1981, and removal is therefore proper because this Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331, and it has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).

The Schlumberger Defendants also note that, under Local Rule 5.2, this removed action is related to *Badaiki v. Cameron International Corp.*, Civil Action No. 4:19-cv-00371

(S.D. Tex.), a lawsuit brought by the same Plaintiff against one of the same defendants here, and which is currently pending before the Honorable Charles Eskridge in the U.S. District Court for the Southern District of Texas ("*Badaiki I*"). Similar to *Badaiki I*, Plaintiff in this removed action alleges discrimination and harassment claims arising out of his former employment with Defendant Cameron International Corporation. While *Badaiki I* alleges causes of action under the Americans with Disabilities Act and Title VII, this removed action alleges racial discrimination and harassment claims under 42 U.S.C. § 1981. Both lawsuits, however, stem from Badaiki's employment with Cameron International from approximately 2007 up until his termination from Cameron in March 2016. Many of the underlying factual allegations are the same across both cases, and each case arises out of the same alleged underlying facts. For these reasons, the Schlumberger Defendants ask that this removed case be assigned to Judge Eskridge, who is already familiar with Plaintiff and his employment-related claims against Cameron. Assigning the case to Judge Eskridge will avoid needlessly wasting judicial resources. *See*, *e.g.*, *LaBlanche v. Ahmad*, No. 4:12-cv-2495, 2012 WL 12903951, at *1 (S.D. Tex. Sept. 28, 2012) (denying motion to transfer case back to original judge because interest in judicial efficiency served when case was transferred to judge who had decided a previous related case). Other courts agree that the practice of assigning related cases to the same judge is in furtherance of the court's interest in judicial economy. *See*, *e.g.*, *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 397 (E.D. Wis. 2008).

As grounds for removal, the Schlumberger Defendants state as follows:

I.      **BACKGROUND AND PROCEDURAL HISTORY**

On February 28, 2020, Plaintiff Fidelis J. Badaiki, proceeding *pro se,* filed an original petition in the 125[h] District Court of Harris County, Texas, Docket No. 2020-16523, against

several defendants. Plaintiff has served some, but not all, of the defendants with process in the state-court proceeding:

1.      Schlumberger Holdings Corporation was served on or about March 30, 2020;

2.      Schlumberger Limited was served on or about March 30, 2020;

3.      Schlumberger Technology Corp. was served on or about March 30, 2020;

4.      Cameron International was served on or about March 27, 2020;

5.      Paal Kibsgaard was served on or about March 30, 2020;

6.      Olivier Le Peuch was served on or about March 30, 2020;

7.      John Corkhill was served on or about March 27, 2020;

8.      Nathan Cooper was served on or about March 27, 2020;

9.      Ray Arbor was served on or about March 27, 2020;

10.     Jay Jurena was served on or about March 30, 2020;

A copy of the executed process available from the state-court docket is included in the appendix attached to this removal notice. (*See* App'x 110–165.) All of the defendants listed above, each of whom were served with process as indicated, have answered in the state-court proceeding (*see* Orig. Answer, App'x 053–065), and all of these defendants now join in this removal. None of the remaining defendants in the state-court proceeding have been served with process as of the date this removal notice was filed.[1]

---

[1] The named defendants who have **not** been served in state court include: Steve McKenzie, Jamilah Cummings, Marisa Henning, Ed Gaude, and Henry Weissenborn. Badaiki has asked the state-court to serve most of these remaining defendants—each of whom are former employees of Cameron International—by publication in the newspaper. (*See* Requests for Service by Publication, App'x 166–173.) The state court has **not** granted that request, and it would be error to do so, because Badaiki's only effort to serve those defendants has been by mailing them summonses to Cameron International's business address, where none of these defendants can be found because they do not work for Cameron anymore. *See generally* Tex. R. Civ. P. 106(b); *see also Bell v. Harrison*, 550 S.W.2d 369, 371 (Tex. Civ. App.—Dallas 1977, no writ) ("Since personal service is preferred to substituted service, a perfunctory attempt at personal service is not sufficient."); *Harrison v. Dallas Court Reporting Coll., Inc.*, 589 S.W.2d 813, 815 (Tex. Civ. App.—Dallas 1979, no writ). And on information and belief, one of the former-employee defendants, Steve McKenzie, has died.

In his original petition, Badaiki first alleged only state-law claims, including causes of action for breach of contract, fraud by misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of the duty of good faith and fair dealing.[2] The original petition did not mention or identify any federal causes of action or otherwise give any indication that Badaiki was asserting any claims that arose under federal law. A copy of the original petition is included in the accompanying appendix attached to this removal notice. (*See* Orig. Pet., App'x 001–007.)

On May 28, 2020, Badaiki filed a petition for writ of mandamus in the First Court of Appeals in Houston, Texas, related to hearings that had been set in the state district court and naming the state-court judge as a respondent. In that mandamus petition, Badaiki—*for the first time*—noted that he was also asserting in the state-court case causes of action for violation of 42 U.S.C. § 1981 for race-based discrimination. A copy of Badaiki's petition for writ of mandamus, and the order denying the petition, are included in the accompanying appendix attached to this removal notice. (*See* Mandamus Pet., App'x 102 at 103–04; Order Denying Mandamus, App'x 180–81.)

On June 8, 2020, Badaiki also amended his original state-court petition. The amendment added and removed certain defendants, deleted certain claims, and formally added at least two federal causes of action arising under 42 U.S.C. § 1981—the same causes of action that Badaiki had mentioned to the First Court of Appeals in his mandamus petition. A copy of Badaiki's first amended original petition is included in the accompanying appendix attached to this removal notice. (*See* Am. Pet., App'x 024–052.). In his amended petition, Badaiki al-

---

[2] Although patently unclear from his *pro se* petition, Badaiki may have also been alleging a state-law claim for constructive discharge. Badaiki's vague petition combined the "facts and causes of action" into one section of the petition, and it was thus unclear what, precisely, his causes of action were. (*See* Orig. Pet., App'x 003–004.)

leges, among other things, that the grounds and basis of his state-court lawsuit include "42 U.S. Code section 1981 race based discrimination retaliation, harassment – Hostile Work Environment, [and] Breach of Contract of employment." (Am. Pet., App'x 025 at ¶ 6.)[3]

For the reasons explained more fully below, this Court now has jurisdiction over the state-court action under 28 U.S.C. §§ 1331 and 1441(a) because the Court has original jurisdiction of all civil actions arising under the laws of the United States, including Badaiki's causes of action for alleged violations of 42 U.S.C. § 1981, a federal statute. The Court has supplemental jurisdiction over Badaiki's state-law claim under 28 U.S.C. § 1367(a).

## II.   REMOVAL IS PROPER

### A.   Jurisdiction is Proper

Badaiki brings claims under 42 U.S.C. § 1981, alleging federal causes of action for racial discrimination and harassment. (*See* Am. Pet., App'x 026–033, at ¶¶ 6, 10, 13, 20, 36, 45.) This Court therefore has original federal-question jurisdiction under 28 U.S.C. § 1331 because Badaiki's claims arise under the laws of the United States. Because issues Badaiki raises in his amended petition invoke federal questions, removal is proper under 28 U.S.C. Section 1441(a); *see also* 28 U.S.C. § 1446(b)(3). The Court also has supplemental jurisdiction over all "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Badaiki's claim for alleged breach of his employment contract, which is the only cause of action not brought specifically under a federal statute, is part of the same case and controversy as Badaiki's federal claims and indeed is based on the same underlying factual allegations. (*See generally* Am. Pet., App'x 034, at ¶ 54.) The Court therefore has

---

[3] Badaiki's amended petition also mentions the Federal WARN Act (29 U.S.C. § 2100 *et seq.*) in three places, though it is unclear whether he is asserting any causes of action under that statute. (*See* Am. Pet., App'x 028–030, at ¶¶ 18, 28, 32.)

supplemental jurisdiction over the state-law contract claim and can properly exercise jurisdiction over the entire removed action.

### B.    Venue is Proper

The United States District Court for the Southern District of Texas, Houston Division, embraces the county in which the state-court action is pending (Harris County, Texas); therefore, this Court is a proper venue for this action under 28 U.S.C. §§ 124(b)(2) and 1441(a).

### C.    The Procedural Requirements for Removal Are Satisfied

#### 1.    This Removal Notice Is Timely

This removal action is timely under 28 U.S.C. § 1446(b) because the Schlumberger Defendants—all of whom join in removal as indicated below—filed this notice of removal within thirty days of May 28, 2020, which was the earliest date that they received a copy of any paper (in this instance, Badaiki's petition for writ of mandamus to the First Court of Appeals) that indicated he was pursuing claims under a federal statute and that the case was therefore removable. Before May 28, 2020, the Schlumberger Defendants had no notice that Badaiki was alleging any federal causes of action because the original petition alleged only state-law claims. (*See generally* Orig. Pet, App'x 001–005.)[4]

#### 2.    All Defendants Who Have Been Properly Served in the State-Court Proceeding Consent to Removal and Join in This Notice

In accordance with 28 U.S.C. § 1446(b)(2)(A), each of the Schlumberger Defendants, who are the *only* defendants who have been properly served with process and answered in the state-court proceeding, hereby join this notice of removal and consent to the removal of the

---

[4] Badaiki did not formally amend his complaint to add the federal causes of action until June 8, 2020, (*see* Am. Pet., App'x 024), less than 30 days ago; however, in an abundance of caution, the Schlumberger Defendants are removing the case within 30 days of their receiving notice of Badaiki's petition for writ of mandamus, which is the filing in which Badaiki, for the first time, mentioned any cause of action raising a federal question in the state-court proceeding. *See generally* 28 U.S.C. § 1446(b)(3).

state-court action. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (28 U.S.C. § 1446(b) requires "some timely filed written indication from each served defendant or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to [removal]"); *accord Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).[5] Those defendants who have not been served with process in the state-court proceeding are not required to consent to removal. *See Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993) ("Title 28 does not oblige a defendant to wait until all co-defendants are served before removing."); *McCrary v. Kan. City S. R.R.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. 2000) ("Simply put, a defendant who has not been properly served need not consent to the notice of removal.").

### 3.      Documents Required by 28 U.S.C. § 1446(d) and Local Rule 81

In accordance with 28 U.S.C. § 1446(d) and with Rule 81 of the Local Rules of this Court, the Schlumberger Defendants attach to this notice of removal:

1.      A copy of all executed process in the state-court case available on the state-court's docket (*see* App'x 110–165);

2.      All pleadings asserting causes of action and the answers to those pleadings (*see* App'x 001–109);

3.      All orders signed by the state-court judge, and including the First Court of Appeals' order denying Badaiki's petition for writ of mandamus (*see* Order Setting Trial Date, App'x 174–76; Scheduling Order, App'x 177–79; Order Denying Mandamus, App'x 180–81);

4.      The current docket sheet from the state-court proceeding (*see* App'x 182–85);

5.      An index of matters being filed (*see* attachment to this notice); and

---

[5] The undersigned counsel represents all of the Schlumberger Defendants.

6.      A list of all counsel of record (*see* App'x 186).

**4.      Notice of This Notice of Removal to the State Court**

Under 28 U.S.C. § 1446(d), the Schlumberger Defendants are simultaneously filing a written notice of this removal with the district clerk of the state court where the action is now pending.

**5.      Notice of Removal Served Upon Plaintiff**

Copies of the notice of filing notice of removal, together with this notice of removal and the attached appendix and related documents, are all being served upon Plaintiff under 28 U.S.C. § 1446(d).

**III.   NON-WAIVER OF DEFENSES**

By removing this action from the 125th Judicial District Court in Harris County, Texas, the Schlumberger Defendants do not waive any defenses available to them, nor do they admit any of the allegations in Plaintiff's complaint.

**IV.   CONCLUSION**

The Schlumberger Defendants pray that this Court take jurisdiction of this action to its conclusion, to the exclusion of any further proceedings in the state court, in accordance with the above-cited law.

Dated: June 24, 2020                    Respectfully submitted,

                                        /s/ James H. Nye
                                        James H. Nye
                                        jnye@winston.com
                                        Texas Bar No. 24056055
                                        Benjamin D. Williams
                                        Texas Bar No. 24072517
                                        bwilliams@winston.com
                                        Winston & Strawn LLP
                                        800 Capitol St., Ste. 2400
                                        Houston, Texas 77002
                                        (713) 651-2600 Telephone
                                        (713) 651-2700 Facsimile

                                        *Attorneys for Schlumberger Holdings Corporation,
                                        Schlumberger Limited, Schlumberger Technology Cor-
                                        poration, Cameron International Corporation, Paal
                                        Kibsgaard, Olivier Le Peuch, John Corkhill, Nathan
                                        Cooper, Ray Arbor, and Jay Jurena*

### CERTIFICATE OF SERVICE

I certify that on June 24, 2020, a true and correct copy of the foregoing document was filed via the Court's electronic filing system and was served upon *pro se* Plaintiff to his mailing address of record by first class mail. I also served a courtesy copy upon Plaintiff by electronic mail to his email address on file.

                                        /s/ Kimberly Lewis
                                        Kimberly Lewis, Senior Paralegal