United States District Court
Southern District of Texas
**ENTERED**
December 15, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **FIDELIS J. BADAIKI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-CV-2216** |
| | § | |
| **SCHLUMBERGER HOLDINGS** | § | |
| **CORPORATION,** *et al.***,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**AMENDED MEMORANDUM AND RECOMMENDATION**</u>

Pending before the Court[1] is Plaintiff's Motion to Remand the case to the 125th Judicial District of Harris County, Texas. (Dkt. No. 5.) On October 22, 2020, the Court issued a Memorandum and Recommendation ("Original M&R") finding remand appropriate based on Defendants' waiver of their right to remove the case. (Dkt. No. 35.) Defendants filed timely objections on November 5, 2020 ("M&R Objections"). (Dkt. No. 36.) The Court then ordered Defendants to provide transcripts from two state court proceedings, which Defendants submitted on December 2, 2020. (Dkt. No. 44.) Plaintiff responded to Defendants' M&R Objections (Dkt. No. 39), and both parties subsequently filed additional briefs (Dkt. Nos. 45 & 46). Given the information and arguments presented in the objections and other filings, the Court now finds Defendants have not clearly and unequivocally waived removal. Therefore, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED**.[2]

---

[1] On July 22, 2020, the District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 14.)

[2] There are several other pending motions in the case: Defendants' Motion to Dismiss (Dkt. Nos. 2 & 22); Plaintiff's Motion to Amend (Dkt. Nos. 9 & 13); Plaintiff's Motion to Stay (Dkt.

## I.      BACKGROUND

Plaintiff Fidelis Badaiki ("Plaintiff") filed this *pro se* lawsuit in the 125th Judicial District of Harris County, Texas on February 28, 2020, making various allegations against Cameron International Corporation, Schlumberger Holdings Corporation, Schlumberger Limited, Schlumberger Technology Corporation, and several individual defendants associated with these entities (collectively, "Defendants"). (Dkt. No. 1-2 at 1-23.)[3] In the Original Petition, Plaintiff brought claims for "fraud, misrepresentation, intentional or negligent infliction of emotional distress, express or implied duties of good faith and fair dealing, [and] breach of contract" stemming from his employment with Cameron International Corporation ("Cameron"). (*Id.* at 3.) Plaintiff asserted that he was fired from Cameron after asking for a transfer, which he sought because of harassment occurring against him. (*Id.*) Plaintiff also asserted that, after he was fired, he received phone calls from an unspecified defendant that tracked his location. (*Id.* at 4.) Plaintiff attached two emails to the Original Petition showing that he had previously made claims against Cameron—apparently for employment discrimination based on race and disability—which were settled in February 2015 before this lawsuit was filed. (*Id.* at 6-23.)

Defendants subsequently filed an answer, motion to consolidate, and motion to dismiss, noticing hearings on both motions in state court. (Dkt. No. 1-2 at 53-101 (Answer); Dkt. No. 5-7 (Motion to Dismiss); Dkt. No. 36-6 (Notice); Case No. 2020-16523, 125th Judicial District of Harris County, Texas, Image No. 90322943 (Motion to Consolidate), Image No. 90335447 (Notice).) On May 28, 2020, Plaintiff filed a Petition for Writ of Mandamus ("Mandamus

---

No. 23); and Plaintiff's Motion For Leave to Appeal *in forma pauperis* (Dkt. No. 30). The Court will address these motions in a subsequent Memorandum and Recommendation.

[3] Citations to "Dkt. No." refer to this federal case unless otherwise noted. Citations to "Case No. 2020-16523" refer to the state court docket for this case.

Petition") in the Court of Appeals for the First District of Texas objecting to the setting of these hearings before all defendants had been served and answered. (Dkt. No. 1-2 at 102-109.)[4] In the Mandamus Petition, Plaintiff indicated that he was pursuing race discrimination claims under 42 U.S.C. § 1981 in this case. (*Id.* at 103-104.) Defendants then filed a letter with the district court, asking it to proceed with the previously-scheduled hearing on their motion to consolidate despite the Mandamus Petition. (Case No. 2020-16523, Image No. 90739133 (Letter to Court), Image No. 90729385 (Notice).) On June 1, 2020, Defendants filed a motion for sanctions against Plaintiff, seeking to strike the Original Petition under Texas Rules of Civil Procedure 13 and 215.2(b) for bringing baseless claims, and noticed a hearing for the motion. (Dkt. Nos. 5-5 & 5-8.)

On June 8, 2020, Plaintiff filed an Amended Petition explicitly asserting claims for racial discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981, as well as for breach of his employment contract. (Dkt. No. 1-2 at 24-52.) The Amended Petition asserted that Plaintiff is a black male who faced ongoing harassment while working at Cameron. (*Id.* at 26-31.) For example, Plaintiff was put on administrative leave after complaining to human resources ("HR") about discrimination and refusing to seek psychiatric treatment as a condition of employment. (*Id.* at 26-27.) After parties reached a settlement and Plaintiff returned to work, Plaintiff was denied professional development opportunities, assigned a small cubicle in a public hallway, and marginalized by his co-workers. (*Id.* at 27-28.) Plaintiff again complained to HR, but was fired and replaced with a non-black, less qualified candidate. (*Id.* at 28-29.)

After Plaintiff filed the Amended Petition, Defendants amended their hearing notices to set the hearing for their motion for sanctions and motion to dismiss for June 15, 2020. (Dkt. No. 5-6.)

---

[4] The Mandamus Petition also appealed the setting of hearings in another state court case Plaintiff filed the same day as this one, Case No. 2020-16532. (Dkt. No. 1-2 at 103-104.)

Defendants also supplemented their motion for sanctions on June 15, 2020. (Dkt. No. 36-9.) On June 17, 2020, Defendants responded to Plaintiff's Mandamus Petition, asking the Court of Appeals to deny the petition and allow the district court to decide their motions to consolidate and to dismiss. (Dkt. No. 36-14.) The Court of Appeals denied the Mandamus Petition on June 18, 2020. (Case No. 1-20-00388-CV, Court of Appeals for the First District (Memorandum Opinion).) Defendants noticed a hearing on the motion to consolidate, motion for sanctions, and motion to dismiss, and the court held a status conference on June 22, 2020. (Dkt. Nos. 36-4 & 36-10.)[5]

Defendants removed the case to the Southern District of Texas on June 24, 2020 based on federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367. (Dkt. No. 1.) Plaintiff filed a Motion to Remand on July 2, 2020, arguing primarily that the removal was untimely and Defendants otherwise waived removal by participating in the state court litigation. (Dkt. No. 5.) The Court finds that Defendants timely removed the case based on Plaintiff's Amended Petition and that, although Defendants did participate in state court litigation after the case became removable, their actions did not clearly and unequivocally waive removal.[6]

## II.    LEGAL STANDARDS FOR REMOVAL AND REMAND

"Federal courts are courts of limited jurisdiction" and their power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also*

---

[5] As described below, it is clear from the parties' additional submissions that the state court also held hearings on June 12 and June 15.

[6] This case relates to another case Plaintiff brought against Cameron, which was removed to the Southern District of Texas on February 4, 2019 and is currently pending before Judge Charles Eskridge. (Case No. 4:19-CV-371, Dkt. No. 1.) After this case was removed and assigned to Judge Gray Miller, Defendants moved to consolidate the two cases. (Case No. 4:19-CV-371, Dkt. No. 32; Case No. 4:20-CV-2216, Dkt. No. 8.) On July 20, 2020, this case was transferred to Judge Eskridge by agreement between the Judges. (Case No. 4:20-CV-2216, Dkt. No. 10.) The cases were never consolidated.

*Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). As a result, a defendant may remove a civil case from state to federal court only when the federal court maintains original jurisdiction over the action, either through diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) ("Where . . . the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist."). If original jurisdiction exists, the court may then exercise supplemental jurisdiction over state law claims. *Halmekangas*, 603 F.3d at 294-95; *see* 28 U.S.C. § 1367.

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "[B]ecause removing an action duly filed in state court raises federalism concerns, removal statutes are strictly construed against removal and in favor of remand." *Monzon v. Lowe's Cos., Inc.*, No. 16-CV-482, 2017 WL 10743000, at *2 (W.D. Tex. May 26, 2017); *see Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). A party who believes a case has been improperly removed may seek to remand it to state court under 28 U.S.C. § 1447(c).

### III.   DEFENDANTS TIMELY REMOVED THE CASE BASED ON PLAINTIFF'S AMENDED PETITION.

Generally, a defendant must file a notice of removal within 30 days of receipt of the initial pleadings in a case. *Id.* § 1446(b)(1). However, if the case is not removable based on the initial pleadings, a defendant must file a notice of removal within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). In other words, "28 U.S.C. § 1446 creates two distinct thirty-day filing deadlines for a notice of removal." *Howell v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-2069, 2017 WL 1506053, at *3 (E.D. La. Apr. 27, 2017); *see also Alim v.*

*KBR, Inc.*, No. 11-CV-1746, 2012 WL 12857421, at *3 (N.D. Tex. Mar. 15, 2012) ("In essence, the statute provides a 'two-step test' to determine whether a defendant timely removed a case.") (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992)). Therefore, the Court must first determine whether the case was removable based on the Original Petition, and if not, whether Defendants removed the case within 30 days of the first pleading or paper that made clear the case was removable.

Plaintiff argues removal was untimely because it occurred more than 30 days after service of the Original Petition, which he believes asserted or could have asserted federal claims. (Dkt. No. 5 at 1.) Defendants argue that, under the well-pleaded complaint rule, the Original Petition did not affirmatively reveal federal claims and thus did not make the case removable. (Dkt. No. 17 at 7-10.) Instead, Defendants first learned of Plaintiff's intent to pursue federal discrimination claims when he filed the Mandamus Petition on May 28, 2020—or, alternatively, when Plaintiff filed the Amended Petition on June 8, 2020—and they timely removed the case within 30 days of each filing. (*Id.* at 10-11.) In his Reply, Plaintiff argues that Defendants actually learned the case was removable on April 22, 2020 from an email between him and Defendants' attorney ("April 22 Email"), and removal was untimely because it did not occur within 30 days. (Dkt. No. 19 at 1.)[7] The Court finds that removal was timely because it occurred less than 30 days after Plaintiff filed the Amended Petition, which asserted federal claims for the first time.

---

[7] "Arguments raised for the first time in a reply brief, even by pro se litigants[,] are waived." *Cavazos v. JP Morgan Chase Bank Nat'l Ass'n*, 388 F. App'x 398, 399 (5th Cir. 2010) (quotations and alterations omitted). Nonetheless, because Plaintiff raised general arguments as to the timeliness of removal in his original motion, the Court addresses on the merits—and rejects—removal based on the April 22 Email.

### A. The Original Petition Did Not Affirmatively Reveal On Its Face Federal Question Jurisdiction And Thus Did Not Start The 30-Day Clock For Removal.

"Removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint [rule], 'under which federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). This allows a plaintiff to be the "master of his claim" and "avoid federal jurisdiction by exclusive reliance on state law," even when both federal and state remedies are available. *Schoenmann Produce Co. v. C.R. Eng., Inc.*, No. 09-CV-2208, 2009 WL 10720341, at *1 (S.D. Tex. Oct. 21, 2009); *see also Maheshwari v. Univ. of Tex.-Pan Am.*, 460 F. Supp. 2d 808, 811 (S.D. Tex. 2006).[8] "Thus, the removal clock begins to run [under 28 U.S.C. § 1446(b)(1)] when the defendant receives a pleading that reveals on its face that the plaintiff is asserting a cause of action based on federal law." *Schoenmann Produce Co.*, 2009 WL 10720341, at *2; *see also Cisneros v. DAKM, Inc.*, No. 13-CV-556, 2014 WL 258755, at *1 (S.D. Tex. Jan. 23, 2014).[9]

Here, the Original Petition did not reveal federal question jurisdiction on its face. Plaintiff brought claims for "fraud, misrepresentation, intentional or negligent infliction of emotional distress, express or implied duties of good faith and fair dealing, [and] breach of contract." (Dkt.

---

[8] "Although Plaintiff is master of his complaint, he may not, by mistake, artful pleading, or artifice plead what must be raised as a federal claim as a state law claim to avoid federal jurisdiction." *Christiason v. Merit Tex. Props., L.L.C.*, 393 F. Supp. 2d 435, 437 (N.D. Tex. 2005). "This artful pleading doctrine is a narrow exception to the general rule that Plaintiff is master of his own complaint and is limited to federal statutes that so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal." *Id.* (quotations omitted). None of Plaintiff's claims in this case are preempted by federal law and his choice of law controls.

[9] The proper inquiry for the Court is not whether Plaintiff could have asserted federal claims, as he argues (Dkt. No. 5 at 1-3), but rather whether the "petition made *facially evident* that he brought federal law claims." *Cisneros*, 2014 WL 258755, at *3.

No. 1-2 at 3.) Plaintiff did not cite 42 U.S.C. § 1981 or any other federal statute, and he framed all allegations around breach of contract without mention of race or racial discrimination. The two emails attached to the Original Petition, both of which were between Plaintiff and Defendants' attorney, did not demonstrate intent to bring federal law claims. While the first email referenced the Equal Employment Opportunity Commission ("EEOC") and the second referenced racial and disability discrimination, they both pertained to the prior dispute between Plaintiff and Defendants and were included in the Original Petition to assert there was a settlement agreement that Defendants breached. (*Id.* ("Breach of contract agreement, the defendant offered me a position back . . . and I accepted, see attached email exhibit 1 and exhibit 2.").)[10]

This is insufficient to affirmatively invoke federal question jurisdiction. *See Alim*, 2012 WL 12857421, at *3 ("[S]ubject matter jurisdiction cannot be created by simple reference to federal law[.] . . . Accordingly, several district courts in the Fifth Circuit have rejected the assertion that oblique references to federal causes of action in a plaintiff's complaint or references to Title VII claims in documents attached to a plaintiff's complaint give rise to removal jurisdiction under 28 U.S.C. § 1441.") (quotations omitted); *e.g.*, *Griffith v. Alcon Research, Ltd.*, 712 F. App'x 406, 408-09 (5th Cir. 2017) (finding that plaintiff's references to an EEOC letter did not invoke federal question jurisdiction); *Cisneros*, 2014 WL 258755, at *4 (same). Defendants could not have removed the case based on the Original Petition, and the removal clock did not begin to run.

---

[10] Exhibit 1 is an email dated February 24, 2015 stating that if Plaintiff did not return to work by a certain date with the settlement agreement signed, Cameron would withdraw its settlement offer and notify the EEOC. (Dkt. No. 1-2 at 6.) Exhibit 2 is a series of email negotiations in February 2015 about the settlement referenced in Exhibit 1, containing the subject heading "Racism Retaliation Discrimination ADA." (*Id.* at 8-23.)

**B. The Amended Petition Was Plaintiff's First Assertion of Federal Claims, And Because Defendants Removed The Case Less Than 30 Days After It Was Filed, Removal Was Timely.**

The Court must next decide whether any subsequent pleading or other paper—namely, the April 22 Email, the Mandamus Petition, or the Amended Petition—started the removal clock under 28 U.S.C. § 1446(b)(3). This is a different standard than the first analysis for removal based on the initial pleadings: "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under [§ 1446(b)(3)]." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *accord Harden v. Field Mem'l Cmty. Hosp.*, 265 F. App'x 405, 408 (5th Cir. 2008). This standard "require[s] a greater level of certainty" than the standard for removal based on initial pleadings. *Bosky*, 288 F.3d at 211.

"Other paper" under 28 U.S.C. § 1446(b)(3) is "defined broadly as 'a written or printed document or instrument' and can include a plaintiff's post-complaint demand letter, responses to interrogatories, or written communications between counsel." *Morales v. FSI Rest. Dev. Ltd.*, No. 19-CV-593, 2020 WL 1055727, at *3 (S.D. Tex. Feb. 12, 2020) (quoting *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608 (5th Cir. 2018)), *report and recommendation adopted*, 2020 WL 1046820 (Mar. 3, 2020).[11] Courts generally use "other paper" to clarify whether diversity jurisdiction exists, and not whether federal question jurisdiction exists, so that removal does not conflict with the well-pleaded complaint rule described above. *Eggert*, 223 F. App'x at 397; *Nieto*

---

[11] "The federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope." 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3731 (4th ed. 2019). This includes emails between counsel. *See, e.g.*, *Credeur v. York Claim Serv.*, No. 13-CV-1367, 2013 WL 4814231, at *5-7 (W.D. La. Sept. 9, 2013); *Clipper Telecommunications, Inc. v. ETS Payphones, Inc.*, No. 07-CV-995, 2008 WL 2368094, at *3 (W.D. Tex. Mar. 11, 2008).

*v. Lantana Cmty. Ass'n, Inc.*, No. 19-CV-239, 2019 WL 3502794, at *5 (E.D. Tex. Aug. 1, 2019)

("Usually where the federal claim is mentioned somewhere other than the complaint, it simply

does not exist.") (quotations omitted). However, "[u]nder limited circumstances, courts have

looked to 'other paper' to establish federal question jurisdiction, such as to clarify that a plaintiff's

state law claim is one that would be preempted by federal law." *Eggert*, 223 F. App'x at 397. In

such limited circumstances, "[t]he 'other paper' must clarify the federal nature of

an *existing* claim, and not relate to a putative claim that has not yet been pled." *O'Keefe v. State

Farm Fire & Cas. Co.*, No. 08-CV-600, 2009 WL 95039, at *3 (S.D. Miss. Jan. 13, 2009); *see

Nieto*, 2019 WL 3502794, at *5 ("[F]or removal based on 'other paper' to be proper and consistent

with the well-pleaded complaint rule, the 'other paper' cannot be used to interject a new federal

claim, but instead must be used to clarify that the plaintiff's existing claims are federal in nature.")

(quotations omitted).

Neither the April 22 Email nor the Mandamus Petition constituted "other paper" that made

the case removable. Plaintiff's claims in the Original Petition were not preempted by federal law,

and thus the primary circumstance described in *Eggert v. Britton* in which "other paper" can be

used to establish federal question jurisdiction without conflicting with the well-pleaded complaint

rule does not apply. *See* 223 F. App'x at 397-98. Moreover, even though the April 22 Email

referred to claims against the federal government[12] and the Mandamus Petition referred to claims

under 42 U.S.C. § 1981, neither clarified the federal nature of *existing* claims, as the Original

---

[12] The April 22 Email was confusing at best. In responding to an inquiry from Defendants'
counsel, Plaintiff stated he would oppose consolidation of this case with another related state court
case because they were "two different actions, one is a breach of contract and the other is fiduciary
violation and fraud against the federal government and SEC." (Dkt. No. 19-1.) It was completely
unclear which case was which—in other words, whether Plaintiff stated he was asserting causes
of action against the federal government and SEC in this case.

Petition contained absolutely no allegations of racial discrimination or mention of the federal government. *See, e.g.*, *Amrhein v. Prosperity Bank*, No. 18-CV-18, 2018 WL 2392800, at \*4 (E.D. Tex. May 25, 2018) ("Although Plaintiff's response to Defendants' motion for summary judgment—'other paper'—makes reference to various federal statutes and causes of actions, because it does not relate to an already pleaded claim, such references, on their own, cannot establish federal question jurisdiction."); *Ngo v. PM/CTS, LLC*, No. 15-CV-1644, 2015 WL 5458598, at \*3 (S.D. Tex. Sept. 15, 2015) ("Defendants here may not use the stray references to Title VII in Plaintiff's discovery filings to insert a federal cause of action into Plaintiff's lawsuit where clearly there was none before."). Therefore, the 30-day removal clock did not begin upon receipt of the April 22 Email or the filing of the Mandamus Petition.

Plaintiff's Amended Petition, on the other hand, was an amended pleading that made removability under 28 U.S.C. § 1446(b)(3) unequivocally clear and certain. The Amended Petition—filed on June 8, 2020—explicitly brought federal claims for racial discrimination and hostile work environment under 42 U.S.C. § 1981, in addition to the state law breach of contract claims asserted in the Original Petition. (Dkt. No. 1-2 at 24-52.) It alleged, for the first time, that Plaintiff is a black male who was marginalized by his supervisors and co-workers, fired, and subsequently replaced by a non-black, less qualified candidate. (*Id.* at 26-29.) The Amended Petition can best be characterized as asserting new claims that invoked federal question jurisdiction. Defendants, therefore, had 30 days from the Amended Petition—until July 8, 2020— to remove the case to federal court. Because Defendants removed the case on June 24, 2020, removal was timely.[13]

---

[13] Plaintiff argues the Amended Petition could not serve as the basis for removal because he did not file it voluntarily, as it was a response to Defendants' motion to dismiss. (Dkt. No. 5 at

## IV.     DEFENDANTS' ACTIONS IN STATE COURT, ALTHOUGH SIGNIFICANT, DID NOT CLEARLY AND UNEQUIVOCALLY WAIVE REMOVAL.

Plaintiff next argues Defendants waived their right to removal by filing responsive pleadings and motions in state court—particularly the motion to consolidate, motion to dismiss, and motion for sanctions—and by actively seeking hearings on these motions. (Dkt. No. 5 at 4-5, 7-8; Dkt. No. 19 at 5.) Plaintiff also argues that Defendants' response to his Mandamus Petition demonstrated their willingness and intent to litigate the case in state court. (Dkt. No. 5 at 4; Dkt. No. 19 at 5.) Defendants argue they filed most of the motions before the case became removable, and nothing they filed after sought adjudication on the merits. (Dkt. No. 17 at 2, 12-16.) Defendants also argue they did not waive their right to removal by noticing motion hearings because the state court initiated these hearings and never actually heard or resolved the motions. (*Id.* at 15-16; Dkt. No. 36 at 3, 14.) The Court finds, given the information and arguments provided in the parties' additional briefing, that Defendants did not waive removal.

A defendant may waive the right to removal, even if the removal would have otherwise been proper, "by proceeding to defend the action in state court or otherwise invoking the processes of that court." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *see also Ortiz v. Brownsville Indep. Sch. Dist.*, 257 F. Supp. 2d 885, 889 (S.D. Tex. 2003). "A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Strong v. Green Tree Servicing,*

---

3-4 (arguing that Texas Rule of Civil Procedure 91a requires a plaintiff either to amend the petition or non-suit the claims in response to a motion to dismiss).) While it is true that a case not initially removable can only be removed based on a voluntary act by plaintiff, *Scott v. Perma-Pipe, Inc.*, No. 15-CV-1715, 2015 WL 4661623, at *2-3 (W.D. La. July 30, 2015), Plaintiff was not forced to file the Amended Petition. He could have opposed the motion to dismiss, non-suited the claims, or done nothing at all. The filing of the Amended Petition was thus a voluntary act that could serve as a basis for removal.

*L.L.C.*, 716 F. App'x 259, 263 (5th Cir. 2017) (quotations omitted). Generally speaking, therefore, "the mere filing of motions and engaging in preliminary state court proceedings is not sufficient to constitute waiver. However, engaging in substantive motion practice and active litigation will act as a waiver of the right to remove." *Regan v. Hayes*, No. 06-CV-573, 2006 WL 8433849, at *2 (W.D. Tex. Sept. 14, 2006) (citations omitted) (collecting cases), *report and recommendation adopted*, 2006 WL 8433875 (Dec. 6, 2006).[14]

Here, as the Court found above, the case became removable on June 8, 2020. Any of Defendants' filings before that date—including the state court answer, motion to consolidate, motion to dismiss, and motion for sanctions—cannot themselves form the basis for waiver. *See Pena v. Home Depot U.S.A., Inc.*, 32 F. Supp. 3d 747, 752 (S.D. Tex. 2012); *Hydro-Action, Inc. v. James*, 233 F. Supp. 2d 836, 840 (E.D. Tex. 2002) ("Any actions taken in state court before it became ascertainable that the case was removable cannot logically be indicative of a decision by the Defendants to continue in state court rather than federal court."). Moreover, filing an answer does not waive removal. *See, e.g.*, *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 641 (E.D. Tex. 2005) (filing state court answer did not "demonstrate a specific and positive intent to proceed in that forum"); *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 703 (N.D. Tex. 2005) (filing an answer containing special exceptions was meant only to preserve the status quo and did not constitute waiver of removal, especially when filed before the case became removable).

---

[14] *See also Nixon v. Wheatley*, 368 F. Supp. 2d 635, 641 (E.D. Tex. 2005) ("To determine whether there is clear and specific intent sufficient to waive removal, it is necessary to establish whether the actions were taken by the defendant in state court for the purpose of preserving the status quo, or did they manifest an intent to litigate the merits of the claim. Actions that may result in a disposition on the merits of the state court action, in whole or in part, have also been found to evidence the requisite intent.") (quotations and citations omitted).

Defendants did take several actions after Plaintiff filed his Amended Petition on June 8, 2020 and before they removed the case on June 24, 2020, as described in Section I, *supra*:

- On June 12, 2020, Defendants filed an amended notice of hearing on their motion to dismiss, which sought dismissal because Plaintiff's claims had no basis in law or fact. (Dkt. No. 5-6.) Defendants also reset the hearing on their motion for sanctions, which sought to strike Plaintiff's Original Petition for bringing groundless claims. (*Id.*) Defendants set both hearings for June 15, 2020. (*Id.*)

- On June 15, 2020, Defendants filed a supplement to their motion for sanctions, restating their desire to strike the Original Petition and updating the court on relevant activity in another case. (Dkt. No. 36-9.)

- On June 17, 2020, Defendants filed a response to Plaintiff's Mandamus Petition in the Court of Appeals for the First District of Texas, arguing the district court should hear and decide their motions to consolidate and dismiss. (Dkt. No. 36-14.) Particularly, Defendants asked the Court of Appeals to "deny the petition for writ of mandamus, require the 125th district judge to lift his stay of all proceedings, permit the motions to consolidate and to dismiss to be heard and decided, and allow the litigation in both state courts below to proceed in orderly fashion." (*Id.* at 20; *see also id.* at 14 ("Defendants respectfully ask that this Court deny Relator's petition for writ of mandamus and require that both proceedings below—including the now-stayed proceedings in the 125th judicial district court—be allowed to immediately move forward.").)

- On June 18, 2020, after the Court of Appeals denied Plaintiff's Mandamus Petition, Defendants filed notice of a status conference and hearing on the outstanding motions. (Dkt. No. 36-10.) Defendants set the hearing for June 22, 2020. (*Id.*)

However, the parties' submissions following the Original M&R—particularly the hearing transcripts[15]—provide new and clarifying information on the proceedings in state court:

- The state court held a hearing on June 12, 2020. (*See* Dkt. No. 44-1.) This hearing had been set before the case became removable. (Dkt. Nos. 5-5 & 36-6.) However, there was some confusion as to the time of the hearing, and Plaintiff did not appear. The state court did not address any substantive arguments on Defendants' motions.

---

[15] Plaintiff takes significant issue with the titles of these transcripts, believing Defendants somehow compelled the court reporter to label them as status conferences instead of oral arguments on the pending motions. (Dkt. No. 46 at 1-2.) The Court has no reason to believe Defendants did so; in fact, the hearings can most accurately be described as status conferences.

- The state court held a hearing on June 15, 2020. (*See* Dkt. No. 44-2.) This hearing was set at the state court's request. (*See* Dkt. No. 36-1 ¶ 5; Dkt. No. 36-3 (email from Defendants to Plaintiff stating "[t]he clerk of the 125th court called me this afternoon to schedule a status conference for Monday, June 15, at 11 a.m.").) The state court did not address any substantive arguments on Defendants' motions at the hearing.

- The state court held a hearing on June 22, 2020. (*See* Dkt. No. 36-4.) This hearing was set at the state court's request. (*See* Dkt. No. 36-10 ("Please take notice that, upon instruction from the clerk of court 125th Judicial District Court, Harris County, Texas, a status conference and oral hearing on Defendants['] . . . Motion for Sanctions, Rule 91a Motion to Dismiss Baseless Causes of Action, and Motion to Consolidate have all been scheduled for Monday, June 22, 2020, at 10:00 a.m.") (emphasis omitted).) The state court did not address any substantive arguments on Defendants' motions at the hearing.

The Court finds Defendants' actions do not constitute waiver for several reasons. First, as described above, the hearings noticed by Defendants after the case became removable were set at the state court's request. (*See* Dkt. No. 36-3 (June 15 hearing); Dkt. No. 36-10 (June 22 hearing).) While noticing hearings on dispositive motions in state court can evidence waiver of removal,[16] these particular notices do not demonstrate Defendants' intent to waive removal because they were not initiated by Defendants.[17] After the Court's own review of the full transcripts from each

---

[16] *See Ortiz*, 257 F. Supp. 2d at 889 ("[A] defendant who argues [a potentially dispositive] motion at a hearing *or otherwise urges its resolution* may not thereafter remove her case.") (emphasis added); *Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469, 1471 (M.D. Fla. 1993) ("[B]ecause the court finds that in this action, defendant's filing of motions to dismiss and scheduling state-court hearings on the motions manifest an intent to proceed in state court, the court concludes that defendant waived its right to remove.").

[17] Plaintiff argues that the state court docket shows Defendants were the "requesting party" of the hearings. (Dkt. No. 39 at 1-2.) However, Defendants would likely show up as the "requesting party" since they ultimately filed the notices; that does not negate that the state court asked them to do so. Plaintiff also argues that, even if the state court initiated *status* conferences, Defendants themselves added oral arguments to the notices. (*Id.* at 2.) Defendants maintain that there was some confusion—at least in relation to the June 22 conference—on whether the state court wanted to hear oral arguments on the motions, which it ultimately did not do. (Dkt. No. 45 at 3-4.) The Court, therefore, cannot say Defendants initiated oral argument or clearly waived removal by filing the notices.

hearing, it is clear the state court never heard substantive arguments on Defendants' motions.[18]

Moreover, even though the state court invited Defendants to set oral argument on their motion for

sanctions and motion to dismiss during the June 22 conference (Dkt. No. 36-4 at 16:11-16),

Defendants never did so. Defendants' notices of hearing in this case cannot be characterized as

requests for the state court to hear and decide their pending dispositive motions, and thus they do

not evidence waiver of removal.

Second, the Court had similarly interpreted Defendants' motion for sanctions supplement

as evidence of waiver because it re-urged the state court to dispose of the case. (*See* Dkt. No. 35

at 15-16.) Defendants maintain that their sanctions supplement was made "*out of fairness to*

*Badaiki*, to update the state court judge on developments *favorable to Badaiki*, not to press forward

with any case-dispositive issues." (Dkt. No. 36 at 15.) Plaintiff opposes this characterization. (Dkt.

No. 39 at 5-6.) While the Court strains to understand how this filing was made as a courtesy to

Plaintiff, it can be characterized as an update on proceedings related to their motion. Moreover,

Defendants have provided authority that filing a motion to dispose of a state court case does not

waive removal unless it would resolve the merits. *See PR Grp., LLC v. Windmill Int'l, Ltd.*, 792

F.3d 1025, 1026-27 (8th Cir. 2015) (finding motion to dismiss for failure to prosecute did not

waive removal). Defendants' motion for sanctions—which argues Plaintiff's claims were

---

[18] Plaintiff points to one portion of the June 12 transcript in which the judge asked if there was "any additional argument" on the motion to dismiss. (Dkt. No. 46 at 6.) While Defendants' statements during this conversation come close to manifesting an intent to litigate in state court (*see* Dkt. No. 44-1 at 13:7-20), the Court finds they are more accurately an explanation of why Defendants' motion to dismiss was not affected by Plaintiff's mandamus petition and thus do not evidence waiver. Likewise, Defendants' statements at the June 15 hearing (*see* Dkt. No. 44-2 at 8:4-23, 15:17-21) are not clear enough to waive removal. In any event, Defendants should not be faulted for discussing with the state court judge the strict deadlines for filing, hearing, and deciding a motion to dismiss under Texas Rule of Civil Procedure 91a. (*See* Dkt. No. 36 at 15 n.6.)

groundless and brought in bad faith (*see* Dkt. No. 5-8)—would not necessarily resolve the merits. Thus, even if Defendants did re-urge their sanctions motion by filing the supplement, the supplement does not evidence waiver of removal.

Third, as to the mandamus response, Defendants are correct in stating waiver cannot be based on their actions in separate proceedings. *See Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 452 (S.D. Tex. 2000); *e.g.*, *David K. Young Consulting, LLC v. Arnold*, No. 13-CV-149, 2013 WL 1411654, at *5 (W.D. Tex. Apr. 8, 2013) (finding defendant's activity in a separate case did not bear on waiver of removal in the case before the court). However, it is not clear that a mandamus proceeding is an entirely separate proceeding that should be disregarded in a waiver analysis, as Defendants argue. *See Rice v. Regions Bank*, No. 10-CV-268, 2010 WL 11614152, at *12 (N.D. Ala. Mar. 8, 2010) (discussing relevance of a state court mandamus petition, filed by defendants, as part of the basis for believing defendants clearly invoked process in state court and did more than simply seek to maintain the status quo).[19] Nevertheless, without clear precedent indicating otherwise, the content of Defendants' mandamus response in this case cannot alone form the basis of waiver.[20]

---

[19] The court in *Rice v. Regions Bank* did not make a decision on waiver because it otherwise concluded it lacked subject matter jurisdiction over the action. 2010 WL 11614152, at *11. However, it is clear the mandamus proceeding was relevant to its analysis and determination that there was "a substantial issue of whether defendants waived their right to remove by invoking the process in state court." *Id.* at *12.

[20] It is clear that Defendants did not remove the case as a means to avoid the state court's mediation order, as Plaintiff argues. The state court judge did not discuss the possibility of mediation at any of the June conferences. (*See generally* Dkt. Nos. 36-4, 44-1, & 44-2.) Defendants represent that the order had not yet been filed on the docket and that they were unaware of the order until after they removed the case on June 24 around 4:00 P.M. (Dkt. No. 36 at 20-22; Dkt. No. 36-1 ¶¶ 14-16.) Plaintiff points out that the time stamp on the mediation order is June 24 at 9:56 A.M. (Dkt. No. 39 at 3.) Plaintiff also argues that Defendants must have spoken to the state court clerk about the mediation order before they removed the case because they received an email notice of the order and he did not. (*Id.* at 3-4.) However, the time stamp does not necessarily

In sum, the information identified by Defendants in their M&R Objections—particularly the fact they filed notices of hearings at the state court's request, the fact their sanctions supplement did not relate to the merits of the case, and the lack of precedent as to the relevance of a mandamus proceeding to waiver—tips the balance in their favor. Nothing in the state court transcripts or Plaintiff's filings requires a different conclusion.[21] The Court, therefore, can no longer say Defendants clearly and unequivocally waived their right to remove the case, and the case should remain in federal court.[22]

## V.     CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion to Remand (Dkt. No. 5) be **DENIED** and all other motions remain open in the case.

---

correspond to availability on the docket, and the email notice was an automatic e-filing notice—which Plaintiff apparently did not sign up for—sent at 5:37 P.M. (*See* Dkt. No. 36 at 21 n.10; *see also* Dkt. Nos. 36-11 & 36-12.) Moreover, even assuming Defendants did know of the mediation order, removal to avoid mediation cannot form the basis of waiver. *See O'Keefe*, 2009 WL 95039, at *8 (finding removal after state court ordered mediation was not an appeal of an adverse ruling).

[21] Contrary to Plaintiff's assertions (*see* Dkt. No. 46), there is no evidence that Defendants are making misrepresentations to the Court. His request for sanctions should therefore be denied.

[22] Plaintiff also argues there are various procedural defects in the notice of removal—primarily that Defendants should have attached the mediation order. (Dkt. No. 5 at 6-7.) It is true that a defendant must include "a copy of all process, pleadings, and orders" from state court in the notice of removal. 28 U.S.C. § 1446(a). However, failing to do so does not bear on a court's jurisdiction and does not render removal ineffective. *Cooper v. Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.*, No. 07-CV-427, 2007 WL 9717419, at *2 (N.D. Tex. July 23, 2007) ("There is ample precedent in the Fifth Circuit and the district courts therein that remand is not favored for nonjurisdictional defects, and that the proper remedy is to allow the missing documents to be supplemented."); *see also Allee Corp. v. Reynolds & Reynolds Co.*, No. 15-CV-744, 2015 WL 1914663, at *1 (N.D. Tex. Apr. 28, 2015). Plaintiff provided a copy of the mediation order to this Court (Dkt. No. 5-4) and thus any error has been cured. Similarly, Plaintiff argues Defendants "deceptively added documents not required by removal," such as filings from another related state court case. (Dkt. No. 5 at 6.) However, those filings were part of Defendants' answer in this case, and thus they were properly included in the notice of removal.

The Clerk shall send copies of this Amended Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.[23]

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED i**n Houston, Texas on December 15, 2020.

Sam S. Sheldon
United States Magistrate Judge

---

[23] Plaintiff also requests that Defendants email him a copy of the filings in this case, as mail has proved unreliable. (Dkt. No. 46 at 8-9.) The Court directs Defendants to do so.

19 / 19