United States District Court
Southern District of Texas
**ENTERED**
January 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIDELIS J. BADAIKI, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-02216 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| SCHLUMBERGER HOLDINGS CORPORATION, *et al*, | § | |
| Defendants. | § | |

## ORDER ADOPTING
## AMENDED MEMORANDUM AND RECOMMENDATION

Plaintiff Fidelis J. Badaiki proceeds here *pro se*. By his action he brings claims for racial discrimination, hostile work environment, and retaliation under 42 USC § 1981, as well as for breach of his employment contract. Dkt 1-2 at 24–38. He seeks actual damages, penalties, costs, and fees. Id at 35. These claims arose while Badaiki was employed by Cameron International Corporation. But he raises his claims against Defendants Schlumberger Holdings Corporation, Schlumberger Limited, Schlumberger Technology Corporation, Cameron International Corporation, Paal Kibsgaard, Olivier Le Peuch, Steve McKenzie, Jamilah Cummings, Marisa Henning, John Corkhill, Nathan Cooper, Ray Arbor, Jay Jurena, Ed Gaude, and Henry Weissenborn.

Badaiki brought action in state court. A number of Defendants removed the action to federal court. Dkt 1. The case was referred to Magistrate Judge Sam Sheldon for disposition. Dkt 14.

Badaiki sought remand. Dkt 5. The Magistrate Judge initially recommended remand as appropriate. Dkt 35. Defendants filed

timely objections, and Badaiki responded. Dkts 36, 39. The Magistrate Judge ordered Defendants to provide transcripts from two state court proceedings to further determine whether they waived their right of removal, which were submitted. Dkt 37; see Dkts 44-1, 44-2. Both parties filed additional briefs. Dkts 45, 46.

The Magistrate Judge then issued the subject Amended Memorandum and Recommendation. Dkt 47. He there found that Defendants had timely removed the case and hadn't waived their right of removal. Id at 11, 15–18. He also recommended that the motion to remand be denied. Id at 18. Badaiki filed timely objections. Dkt 48.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Committee Note (1983).

As noted, Badaiki is a *pro se* litigant. His filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v Pardus*, 551 US 89, 94 (2007), quoting *Estelle v Gamble*, 429 US 97, 106 (1976) (internal quotations omitted).

*As to the timeliness of removal.* The Magistrate Judge determined that the original petition filed by Badaiki in state court didn't affirmatively present a federal question. Id at 5–8. And so, Defendants weren't required to file a notice of removal within thirty days of receiving the original petition under 28 USC § 1446(b)(1). Id at 8. The Magistrate Judge further determined that the amended petition by Badaiki included his first assertion of federal claims. Id at 11. Removal was thus timely because Defendants removed the case within thirty days after Badaiki filed his amended petition. Ibid.

Badaiki doesn't appear to raise any objection to the determination that removal was timely. No clear error appears.

2

*As to waiver of right of removal.* The Magistrate Judge thoroughly reviewed the transcripts from the state court hearings and identified three reasons why Defendants didn't waive their right of removal. Id at 14–17. *First,* he determined that the state court never heard substantive arguments on the motions by Defendants. Id at 15–16. *Second*, he determined that their motion for sanctions wouldn't have resolved the case on the merits. Id at 16–17. *Third*, he determined that it's unclear whether a related mandamus proceeding should even be considered when assessing whether Defendants waived their right to remove this action. Id at 17. But even if the response by Defendants to the petition for a writ of mandamus filed by Badaiki were considered, the relief requested therein didn't resolve the underlying matter on the merits. Ibid. This is so because Defendants only asked the appellate court to deny the petition and to permit the proceedings below to continue. Dkt 36-14 at 27. The appellate court denied the petition, and the district judge acknowledged that the pending motions and underlying claims still hadn't been resolved on the merits. Dkt 36-4 at 5–7, 21.

Badaiki appears to object to the determination that Defendants didn't waive their right of removal. The asserted basis is unclear. His objections instead span twenty-six pages, without introduction, summary, or point headings. See Dkt 48. They appear to be largely based on selective text copied from various hearing transcripts and opinions issued in other cases. As to the cases, they are cited without meaningful context or explanation. As to the transcripts, the Magistrate Judge considered them all. While the basis of asserted error isn't clear, this Court has itself reviewed these citations.

The Fifth Circuit holds, "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v Flores*, 543 F3d 248, 251 (5th Cir 2008), quoting *In re Hot-Hed, Inc*, 477 F3d 320, 323 (5th Cir 2007).

But the waiver doctrine as it pertains to removal is different. It isn't proscribed by statute, and so it isn't strictly construed. Rather, it's designed to prevent a defendant from "using removal as an insurance policy against unfavorable treatment in state

court." *Hingst v Providian National Bank*, 124 F Supp 2d 449, 452 (SD Tex 2000), citing *Rosenthal v Coates*, 148 US 142, 147 (1892). For example, if a federal court determines that it can exercise jurisdiction over an action removed from state court, the waiver doctrine is a second-order prudential device that allows it to remand the case. But the case is remanded under such circumstances solely because of the defendant's conduct—not to protect the jurisdiction of either court.

Defendants may waive their right to remove an action to federal court "by proceeding to defend the action in state court or otherwise invoking the process of that court." *Jacko v Thorn Americas, Inc*, 121 F Supp 2d 574, 576 (ED Tex 2000). To waive the right of removal, a defendant "must take some action that amounts to 'seeking an adjudication on the merits.'" *David K. Young Consulting, LLC v Arnold*, 2013 WL 1411654, *4 (WD Tex), quoting *Tedford v Warner-Lambert Co*, 327 F3d 423, 428 (5th Cir 2003), superseded by statute on other grounds as recognized by *Hoyt v Lane Construction Corp*, 927 F3d 287, 293–294 (5th Cir 2019). A defendant doesn't waive its right to remove by taking "actions which are preliminary and nonconclusive in character and which do not actually submit the merits of a claim for binding decision . . . ." *Gore v Stenson*, 616 F Supp 895, 897 (SD Tex 1984) (citation omitted). And the waiver itself must be clear, indicating "a specific, positive intent to proceed in state court." *Jacko*, 121 F Supp 2d at 576 (citation omitted). To make such determination, courts have looked to whether the defendant has taken action in state court simply "for the purpose of preserving the status quo," or whether the defendant has manifested "an intent to litigate the merits of the claim" there. Ibid.

By these lights, the recommendation by the Magistrate Judge is correct. None of the actions taken by Defendants clearly and specifically sought an adjudication on the merits. For instance, the state district court held three hearings after the action became removable. Dkts 36-4, 44-1, 44-2. All were on preliminary topics, more akin to status conferences. None reached the merits of the underlying claims or received argument on motions that had previously been filed. The hearing transcripts themselves indicate that Badaiki requested the first two hearings and that the third

was set by the state court itself. Dkt 44-1 at 7; Dkt 44-2 at 5; Dkt 36-4 at 5.

The Court has reviewed the pleadings, the record, the applicable law, and the recommendation. The Court has also reviewed *de novo* the recommendation of the Magistrate Judge as to the motion to remand to the extent raised in objections by Badaiki. In doing so, those objections have been held to less stringent standards because he is a *pro se* litigant. Even as so construed, the objections as presented lack merit. No other clear error appears.

The Court ADOPTS the Amended Memorandum and Recommendation as the Memorandum and Order of this Court. Dkt 47.

The objections raised by Badaiki are OVERRULED. Dkt 48.

The motion to remand is DENIED. Dkt 5.

SO ORDERED.

Signed on January 8, 2021, at Houston, Texas.

*[Signature: Chas R Eskridge II]*

Hon. Charles Eskridge
United States District Judge