United States District Court
Southern District of Texas
**ENTERED**
February 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FIDELIS J. BADAIKI,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:20-CV-2216** |
| § | |
| **SCHLUMBERGER HOLDINGS** § | |
| **CORPORATION,** *et al.***,** § | |
| § | |
| Defendants. § | |
| § | |

## ORDER ON PLAINTIFF'S MOTION TO AMEND
## MEMORANDUM AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court[1] is Plaintiff's Motion to Amend (Dkt. No. 9), as supplemented by a corrected proposed Second Amended Petition (Dkt. No. 13). Defendants oppose the request to amend. (Dkt. No. 25.) Also pending before the Court is Defendants' Motion to Dismiss for failure to state a claim—filed before Plaintiff's Motion to Amend—as well as their Renewed Motion to Dismiss. (Dkt. Nos. 2 & 22.) Plaintiff opposes dismissal. (Dkt. Nos. 11 & 27.) For the reasons described below, the Court **GRANTS** Plaintiff's Motion to Amend and **RECOMMENDS** Defendants' Motions to Dismiss be **DENIED WITHOUT PREJUDICE**.[2]

---

[1] On July 22, 2020, the District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 14.)

[2] A magistrate judge's ruling on a motion to amend may be in the form of a decision— rather than a recommendation—when the motion is granted. *See Allen v. LeBblanc*, No. 15-CV-600, 2017 WL 29670, at *3 n.1 (M.D. La. Jan. 3, 2017). On the other hand, a magistrate judge's ruling on a 12(b)(6) motion must be a recommendation. *See* 28 U.S.C. § 636(b)(1)(A).

## I. BACKGROUND

Plaintiff filed this *pro se* lawsuit in the 125th Judicial District of Harris County, Texas on February 28, 2020, alleging various state-law claims associated with his employment at Cameron International Corporation ("Cameron"). (Dkt. No. 1-2 at 1-23.) On June 8, 2020, Plaintiff amended his state-court petition ("First Amended Petition") to assert claims of racial discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981, as well as breach of his employment contract. (*Id.* at 24-52.) Defendants removed the case to the Southern District of Texas on June 24, 2020 (Dkt. No. 1) and subsequently moved to dismiss under Rule 12(b)(6) (Dkt. No. 2). In response, Plaintiff moved to amend and submitted a proposed Second Amended Petition that contained minor, but not insignificant, changes to his allegations. (Dkt. Nos. 9 & 13.)[3] Defendants opposed the Motion to Amend (Dkt. No. 25) and renewed their Motion to Dismiss, stating their original 12(b)(6) arguments apply to Plaintiff's proposed amendment (Dkt. No. 22).

## II. PLAINTIFF'S MOTION TO AMEND IS GRANTED.

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. Under Rule 15(a), "[a] party may amend its pleading once as a matter of course" within certain time limits. FED. R. CIV. P. 15(a)(1). Otherwise, a party must obtain consent from the opposing party or leave of the court, which the court "should freely give . . . when justice so requires." FED. R. CIV. P. 15(a)(2). Plaintiff states he is entitled to amendment as a matter of course, but also seeks leave to amend in

---

[3] For example, the proposed Second Amended Petition contains allegations that Defendants breached their own Code of Conduct—in which they pledged to have a retaliation-free environment—by punishing Plaintiff for complaining of racial harassment. (Dkt. No. 13-1 ¶¶ 36-38; *see also* Dkt. No. 13-5 (attaching Code of Conduct as a new exhibit).) The proposed Second Amended Petition also adds some factual detail not contained in the First Amended Petition. (*See, e.g.*, Dkt. No. 13-1 ¶¶ 49, 51, 59, 61.)

the alternative. (Dkt. Nos. 9 & 13.) Defendants argue Plaintiff is not entitled to amendment as a matter of course because he already amended his petition in state court. (Dkt. No. 25 at 8.) They argue Plaintiff should not be granted leave to amend because amendment would be futile for the same reasons they assert in their motion to dismiss—Plaintiff's claims are barred by the statute of limitations, are conclusory, and do not allege the existence of a contract. (*Id.* at 8-19.) Defendants also believe that Plaintiff's amendment is sought in bad faith and for the purpose of harassment. (*Id.* at 19-20.)

A party that has already amended a pleading in state court has exhausted its one opportunity to amend as a matter of course under Rule 15(a)(1). *See Willis v. Dixie Elec. Power Ass'n*, No. 18-CV-30, 2019 WL 7877034, at *1 (S.D. Miss. Aug. 9, 2019); *Suarez v. GEO Grp., Inc.*, No. 15-CV-83, 2015 WL 13121263, at *1 (S.D. Tex. May 18, 2015) (collecting cases). This is because "[t]he Fifth Circuit has held that 'when a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court.'" *Lee v. Wells Fargo Bank, N.A.*, No. 11-CV-1334, 2012 WL 6132510, at *1 (S.D. Tex. Dec. 10, 2012) (quoting *Savell v. S. Ry.*, 93 F.2d 377, 379 (5th Cir. 1937)); *see also Murray v. FordMotor Co.*, 770 F.2d 461, 464 (5th Cir. 1985) ("The pleadings as already filed stand as if they had been filed in federal court."). Here, Plaintiff amended his petition in state court on June 8, 2020, and he is therefore not entitled to amend as a matter of course.

As stated above, courts should freely grant leave to amend. In fact, "district courts in the Fifth Circuit 'must entertain a presumption in favor of granting parties leave to amend.'" *In re BP P.L.C. Sec. Litig.*, No. 10-CV-4214, 2017 WL 914995, at *2 (S.D. Tex. Mar. 8, 2017) (quoting *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)). This is especially true for *pro se* plaintiffs. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to

amend is not automatic, however, and courts have discretion to deny leave in the face of undue delay, bad faith, prejudice, and futility of amendment, among others. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005). In deciding whether to allow amendment, "'it is [also] appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation.'" *Haddock v. Tarrant Cty.*, No. 18-CV-817, 2019 WL 7944074, at *4 (N.D. Tex. Apr. 11, 2019) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)); *see also Lumpkins v. Office of Cmty. Dev.*, 621 F. App'x 264, 271 (5th Cir. 2015) (noting courts consider "judicial economy and effective case management" in deciding whether to grant leave to amend).

As to Defendants' argument of futility, the Court cannot decide whether amendment would be futile at this time. Both parties have made a multitude of filings relevant to this question. In fact, there are at least thirteen related filings totaling over 300 pages: (1) Defendants' Motion to Dismiss, Plaintiff's Response, and Defendants' Reply (Dkt. Nos. 2, 11, & 21); (2) Plaintiff's Motion to be Heard, Defendants' Response, and Plaintiff's Reply (Dkt. Nos. 7, 12, & 16); (3) Plaintiff's Motion to Amend and its supplement, Defendants' Response, and Plaintiff's Reply (Dkt. Nos. 9, 13, 25, & 26); and (4) Defendants' Renewed Motion to Dismiss, Plaintiff's Response, and Defendants' Reply (Dkt. Nos. 22, 27, & 32).[4] It is extremely difficult to sort through the parties' arguments and determine how they should be applied to the proposed amended petition.

---

[4] The 12(b)(6) filings are relevant to futility because "[a]n amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion." *Batiste v. Lewis*, No. 17-CV-4435, 2018 WL 10790890, at *2 (E.D. La. Jan. 19, 2018); *see Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Moreover, Defendants incorporate by reference the Motion to Dismiss into their Response to Plaintiff's Motion to Amend and ask the Court to apply its arguments in deciding whether amendment is futile. (Dkt. No. 25 at 8.)

The Court thus cannot determine amendment would be futile, and Defendants' related arguments do not overcome the presumption in favor of leave to amend.[5]

As to Defendants' argument of bad faith, it is not persuasive at this time. While the Court is concerned with the number of cases Plaintiff has filed related to his employment at Cameron, his explanation for doing so—that his § 1981 claims in this suit and his Title VII claims in the other have different standards, statutes of limitations, and exhaustion requirements—is logical given his *pro se* status in this case. (*See* Dkt. No. 26 at 7-9; *see also id.* at 17-19 (arguing the two cases differ because they are asserted against different defendants).) Defendants' assertion that Plaintiff "simply amends his pleadings to add never-before-alleged claims . . . , effectively creating a wasteful, resource-consuming game of judicial whack-a-mole" (Dkt. No. 25 at 19) is not directly relevant to the question before the Court, as the Second Amended Petition merely adds factual detail and does not assert new claims. The Court, therefore, finds Plaintiff's amendment is not sought in bad faith. *See, e.g.*, *Batiste v. Lewis*, No. 17-CV-4435, 2018 WL 10790890, at *2 (E.D. La. Jan. 19, 2018) (rejecting defendants' argument that amendment was an attempt "'to achieve by accretion what [plaintiff] cannot do on merit'"—which defendants based in part on plaintiff's behavior in a separate case—and finding amendment was not sought in bad faith).

Therefore, Plaintiff's Motion to Amend (Dkt. Nos. 9 & 13) is **GRANTED** and his proposed Second Amended Petition (Dkt. No. 13) is now the operative pleading in the case. The Court will not grant any further amendments absent extremely compelling circumstances.

---

[5] In any event, "[t]he Fifth Circuit has made clear that leave to amend *may* be denied where the proposed amendment(s) would be futile. But denying leave for futility is permissive, not mandatory." *Haddock*, 2019 WL 7944074, at *4.

### III. DEFENDANTS' MOTIONS TO DISMISS SHOULD BE DENIED WITHOUT PREJUDICE.

As described above, the parties' 12(b)(6) briefings are abundant and not necessarily aimed at the Second Amended Petition. For the sake of judicial economy and to ensure the accuracy of the Court's analysis, re-briefing on dismissal is necessary. *See Haddock*, 2019 WL 7944074, at *4 (finding "the most expeditious way to dispose of the merits of the litigation" was to grant plaintiff's motion to amend and ask defendants to refile their pending motions, "focus[ing] the parties and the Court on one set of pleadings and responses, [and thus] fostering judicial economy") (quotations omitted). This will not prejudice Defendants. *See Molina v. Caliber Home Loans, Inc.*, No. 15-CV-757, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) ("As to . . . time and money already expended in filing two motions to dismiss, while the Court desires and supports litigation economy, it also recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort."). The Court thus **RECOMMENDS** Defendants' Motion to Dismiss (Dkt. No. 2) and Renewed Motion to Dismiss (Dkt. No. 22) be **DENIED WITHOUT PREJUDICE**.[6]

Because the ruling on Defendants' motions is issued in the form of a recommendation, the parties have fourteen days to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

---

[6] Plaintiff's related Motion to be Heard (Dkt. No. 7) should also be denied without prejudice.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED i**n Houston, Texas on February 2, 2021.

Sam S. Sheldon
United States Magistrate Judge