United States District Court
Southern District of Texas
**ENTERED**
February 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FIDELIS J. BADAIKI**, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-CV-2216 |
| **SCHLUMBERGER HOLDINGS CORPORATION**, *et al.*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION ON PLAINTIFF'S MOTIONS TO STAY AND MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

Pending before the Court[1] are Plaintiff's Motion to Stay (Dkt. No. 23) and Motion for Leave to Appeal *in forma pauperis* (Dkt. No. 30). Defendants oppose both motions. (Dkt. Nos. 28 & 33.) Also pending before the Court is a second Motion to Stay filed by Plaintiff. (Dkt. No. 51.) For the reasons described below, the Court **RECOMMENDS** that all three motions be **DENIED**.[2]

---

[1] On July 22, 2020, the District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 14.)

[2] It is not clear whether a magistrate judge's ruling on a motion to stay should be a decision or a recommendation. *Compare BCOWW Holdings, LLC v. Collins*, No. 17-CV-379, 2017 WL 7052295, at *1 (W.D. Tex. May 24, 2017) (ruling in the form of recommendation), *report and recommendation adopted*, 2017 WL 7052273 (June 12, 2017), *with Tige Boats, Inc. v. Interplastic Corp.*, No. 15-CV-114, 2015 WL 9268423, at *3 (N.D. Tex. Dec. 21, 2015) (determining magistrate judge should have issued ruling on motion to stay as a decision because it was not dispositive). The same is true for a motion to proceed *in forma pauperis*. *Compare Earl v. Gomez*, No. 11-CV-342, 2011 WL 6987184, at *1 (N.D. Tex. Nov. 2, 2011) (issuing recommendation and explaining reasons for doing so), *report and recommendation adopted*, 2012 WL 87795 (Jan. 11, 2012), *with Woldegiorgise v. Immigration & Customs Enf't*, No. 12-CV-2778, 2013 WL 664175, at *1 (W.D. La. Feb. 22, 2013) (treating magistrate judge's denial of IFP status as an order, not a recommendation). Out of an abundance of caution, this Court issues both of its rulings in the form of a recommendation.

## I. BACKGROUND

Plaintiff filed this *pro se* lawsuit in the 125th Judicial District of Harris County, Texas on February 28, 2020, alleging various state-law claims associated with his employment at Cameron International Corporation ("Cameron"). (Dkt. No. 1-2 at 1-23.) On June 8, 2020, Plaintiff amended his state-court petition ("First Amended Petition") to assert claims of racial discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981, as well as breach of his employment contract. (*Id.* at 24-52.) Defendants removed the case to the Southern District of Texas on June 24, 2020. (Dkt. No. 1.) The case was originally assigned to Judge Gray Miller, but was transferred to Judge Charles Eskridge by agreement between the judges. (Dkt. No. 10.)[3] Judge Eskridge presides over another case—*Badaiki v. Cameron International Corporation*—in which Plaintiff also alleges employment discrimination while at Cameron. (Case No. 4:19-cv-371, Dkt. No. 1-1.)[4]

On August 3, 2020, Plaintiff filed a Motion to Stay ("Motion to Stay I") pending resolution of a petition for writ of mandamus with the Fifth Circuit ("Mandamus Petition I"). (Dkt. No. 23.) In Mandamus Petition I, Plaintiff seeks to transfer the case back to Judge Miller, asserting that it was improper for the court to take judicial notice of the facts in his two cases without a hearing—which he believes the court did in determining the cases are related. (Dkt. No. 24 at 3-4.) Plaintiff also appears to argue that taking judicial notice of facts contained in pleadings and other filings is improper, even with a hearing. (*Id.* at 7-8.) Defendants oppose Plaintiff's request to stay the proceedings. (Dkt. No. 28.) They assert that Plaintiff filed "a procedurally erroneous and

---

[3] Defendants also requested the case be assigned to Judge Eskridge in their Notice of Removal. (Dkt. No. 1 at 2.)

[4] However, in *Badaiki v. Cameron International Corporation*, Plaintiff brings claims under Title VII and the Americans with Disabilities Act. (Case No. 4:19-cv-371, Dkt. No. 1-1.)

substantively defective petition" and "[t]he Fifth Circuit has declined to accept the petition and Plaintiff has not cured the defects." (*Id.* at 1.) According to Plaintiff, however, the Fifth Circuit did not reject his petition; it only instructed him to file proof of service within 30 days, which Plaintiff states he did. (Dkt. No. 29 at 1.) At a status conference on January 22, 2021, Defendants recognized the petition may currently be pending before the Fifth Circuit.[5]

Plaintiff also filed a Motion to Appeal *in forma pauperis* ("IFP Motion") associated with his Mandamus Petition I and submitted an accompanying financial affidavit. (Dkt. No. 30.) Defendants assert that Plaintiff's financial affidavit contains false and misleading information, particularly that Plaintiff failed to disclose that he owns real property and that his spouse is employed. (Dkt. No. 33 at 5-7.) Defendants also assert Plaintiff has thousands of dollars in checking accounts even though he represented in his affidavit that he does not. (*Id.* at 7.) Defendants argue that, should the Court determine Plaintiff's affidavit is untrue, it should dismiss the case under 28 U.S.C. § 1915(e)(2)(A). (*Id.* at 8.) In his reply, Plaintiff states that he never moved for IFP status in this Court, but instead filed a copy of the IFP request pending before the Fifth Circuit. (Dkt. No. 34 at 1.) Therefore, according to Plaintiff, he did not make any misrepresentations to this Court. (*Id.*) Plaintiff also maintains that his affidavit is true. (*Id.* at 1-2.)

On January 25, 2021, Plaintiff filed a second Motion to Stay ("Motion to Stay II") pending resolution of a second petition for writ of mandamus with the Fifth Circuit ("Mandamus Petition II"). (Dkt. No. 51.) In Mandamus Petition II, Plaintiff seeks to compel the District Court to remand the case back to state court because it lacks subject matter jurisdiction. (Dkt. No. 51-1.) Plaintiff argues that, before Defendants removed the case, the state court had referred it to mediation and

---

[5] This conference was held in the related case, 4:19-cv-371.

thus it was not before the state court to remove. (*Id.* at 6 ("Per 28 U.S. Code § 1446, the defendants can only remove an action from 'State Court', but, this instant action was not in State Court as of June 22, 2020, [it] was in Mediation, therefore, it could not have been removed from State Court.").)[6] Defendants have not yet filed a response to Plaintiff's Motion to Stay II.

For the reasons described below, the Court finds both Motions to Stay should be denied because Plaintiff is unlikely to succeed in either mandamus petition, especially given the extraordinary nature of mandamus relief. The Court also finds the Motion to Appeal IFP should be denied because Mandamus Petition I is frivolous and therefore not taken in good faith.

## II.     PLAINTIFF'S MOTIONS TO STAY SHOULD BE DENIED.

When a party files a petition for writ of mandamus with a court of appeals, the district court maintains jurisdiction and the case is not automatically stayed. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995) ("[B]ecause [mandamus] requests are only granted in exceptional circumstances, the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending."). Instead, the district court has discretion to stay the proceedings as part of its "inherent authority to manage its docket." *David v. Signal Int'l, LLC*, 37 F. Supp. 3d 836, 840 (E.D. La. 2014); *see also Intellectual Ventures II LLC v. FedEx Corp.*, No. 16-CV-980, 2017 WL 6559172, at *1 (E.D. Tex. Dec. 22, 2017). "The moving party bears a heavy burden to demonstrate that a stay is appropriate" and "something close to genuine necessity should be the mother of its invocation." *David*, 37 F. Supp. 3d at 840 (quotations omitted). In determining whether a stay is appropriate during a pending mandamus petition, courts consider factors such as the hardship versus benefit of the stay and the likelihood the court of

---

[6] Plaintiff recently filed a Motion to Remand based on the same argument. (Dkt. No. 50.)

appeals will grant mandamus relief. *See id.*; *Williams v. Toyota Motor Corp.*, No. 07-CV-442, 2008 WL 5273528, at *1 (E.D. Tex. Dec. 19, 2008).[7]

Here, the status of Plaintiff's petitions in the Fifth Circuit is unclear. From the Court's own research, Mandamus Petition I was received on August 4, 2020 and given the case number 20-20413. The Fifth Circuit Clerk of Court noted that this petition was insufficient because Plaintiff had not submitted a certificate of service or paid the filing fee. However, on August 26, 2020, the Clerk of Court stated, "The Petition for writ of mandamus filed by Petitioner Fidelis Johnson Badaiki in 20-20413 had been made sufficient." Mandamus Petition II was received on January 26, 2021 and given the case number 21-20039. The Fifth Circuit Clerk of Court noted that this petition was insufficient because Plaintiff had not submitted a certificate of service or paid the filing fee. It does not appear Plaintiff has cured these deficiencies.

In any event, should the Fifth Circuit rule on either petition, Plaintiff is unlikely to succeed on the merits. As to Mandamus Petition I, Plaintiff argues the court improperly took judicial notice of facts, without holding a hearing, when it transferred the case from Judge Miller to Judge Eskridge. (Dkt. No. 24.) However, transferring cases between judges in the same district or designating cases as "related" does not require the court to take judicial notice of facts. Plaintiff's citation to Federal Rule of Evidence 201(e)—which entitles a party to be heard on the issue of judicial notice—is therefore inapposite. *See* FED. R. EVID. 201(e). To the extent Plaintiff argues he should otherwise have been given the opportunity to oppose the transfer, this argument is not

---

[7] Some courts also use the four factors applied in the context of a traditional appeal. *See Intellectual Ventures II LLC*, 2017 WL 6559172, at *1 & n.1. These factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotations omitted).

persuasive. Defendants requested the case be assigned to Judge Eskridge upon removal. (Dkt. No. 1 at 2.) However, Plaintiff did not oppose the transfer in his Motion to Remand (Dkt. No. 5), in his Motion to be Heard (Dkt. No. 7), or in any other filing he made in this case before the transfer.[8] In any event, cases within the same district with substantially overlapping facts should be before the same judge to avoid wasting judicial resources and causing inconsistent results. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 949-52 (5th Cir. 1997) (holding the denial of a motion to transfer between judges was an abuse of discretion because the cases substantially overlapped—which the court determined without taking judicial notice—and therefore should have been before one judge); *LaBlanche v. Ahmad*, No. 12-CV-2495, 2012 WL 12903951, at *1 (S.D. Tex. Sept. 28, 2012) (denying transfer of case from the judge who presided over a similar case).

As to Mandamus Petition II, Plaintiff argues the case could not have been removed from state to federal court because it had been referred to mediation. (Dkt. No. 51-1.) The Court has previously addressed the timing of the mediation referral in comparison with Defendants' notice of removal and concluded that the case was removed before it was referred to mediation. (*See* Dkt. No. 47 at 17 n.20.) In any event, mediation does not deprive the state court of jurisdiction. Thus, even if the case had already been referred to mediation before it was removed, the state court still maintained jurisdiction and removal was proper under 28 U.S.C. § 1446.[9] Given the extraordinary

---

[8] In 4:19-cv-371, Plaintiff did oppose Defendants' motion to *consolidate* the two cases after this case had been transferred to Judge Eskridge, making the same argument about judicial notice. (Case No. 4:19-cv-371, Dkt. No. 34 at 2.) However, the cases were never consolidated.

[9] Plaintiff filed a Motion to Remand on the same grounds as described in Mandamus Petition II. (Dkt. No. 50.) For the same reasons described above, the Court recommends that motion be denied. To the extent Defendants seek dismissal of the case and an award of attorney's fees within their response to Plaintiff's remand motion (*see* Dkt. No. 53), Defendants should do so in a separate motion.

nature of a writ of mandamus, Plaintiff is unlikely to succeed on this petition—or Mandamus Petition I—before the Fifth Circuit. The Court, therefore, finds a stay inappropriate at this time.

### III.   PLAINTIFF'S MOTION TO APPEAL IFP SHOULD BE DENIED.

Requests to appeal *in forma pauperis* ("IFP") are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. *Smith v. Dallas Cty. Hosp. Dist.*, No. 13-CV-792, 2015 WL 566673, at *1 (N.D. Tex. Feb. 10, 2015); *see* 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]"); FED. R. APP. P. 24(a) (requiring the requesting party to file a motion to appeal IFP in the district court, unless he or she has already been granted IFP status in that action).[10] "A movant seeking leave to proceed IFP on appeal must demonstrate that [he] is a pauper and that [his] appeal is taken in good faith, i.e., that [he] will raise a nonfrivolous issue on appeal." *Winsley v. Fed. Exp. Corp.*, 393 F. App'x 145, 146 (5th Cir. 2010); *see Johnson v. U.S. Farathane*, No. 18-CV-716, 2018 WL 8805372, at *1 (W.D. Tex. Nov. 29, 2018) ("An appeal is taken in good faith if it presents an arguable issue on the merits and therefore is not frivolous.").[11]

Here, in response to Defendants' argument that Plaintiff misrepresented his financial status, Plaintiff states he did not move to appeal IFP in this Court. (Dkt. No. 34 at 1.) Instead, Plaintiff argues his intent was only to file a copy of the motion, as instructed by the Fifth Circuit Clerk of

---

[10] "Although [28 U.S.C. § 1915] explicitly refers to 'prisoners,' it is properly applied in rulings on both prisoner and nonprisoner *in forma pauperis* motions." *United States v. Tacker*, No. 09-CR-40, 2016 WL 9242191, at *1 (N.D. Miss. Apr. 25, 2016) (citing *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009)).

[11] "An appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Smith*, 2015 WL 566673, at *2 (quotations and alterations omitted).

Court. (*Id.*) Although the Fifth Circuit has now deemed Mandamus Petition I "sufficient," it is not clear whether it granted Plaintiff IFP status.[12] Because Rule 24 requires a party who is not already proceeding IFP to file the motion in the district court,[13] the Court analyzes the merits of the motion below and recommends it be denied.

Plaintiff has requested leave to appeal IFP in relation to Mandamus Petition I only. (Dkt. No. 30.) He has submitted a financial affidavit to accompany his motion (Dkt. No. 30 at 3-7), and the parties dispute whether the affidavit is accurate (Dkt. No. 33 at 5-8; Dkt. No. 34 at 1-3.) However, the Court need not decide whether Plaintiff's allegation of poverty is untrue because the Court finds Mandamus Petition I to be frivolous and therefore not taken in good faith. As described in Section II above, the court did not take judicial notice of any facts when it designated Plaintiff's two pending cases as related and transferred this case to Judge Eskridge. Plaintiff was not entitled to a hearing under Federal Rule of Evidence 201(e), nor was he otherwise denied an opportunity to be heard on the issue. Finally, it was appropriate to transfer the case to Judge Eskridge because it substantially overlapped with Plaintiff's first case. Therefore, Mandamus Petition I is not sought in good faith and Plaintiff is not entitled to appeal IFP. Plaintiff may challenge this finding by filing a separate IFP motion with the Fifth Circuit within 30 days of service of Judge Eskridge's ruling on this Memorandum and Recommendation. *See Smith*, 2015 WL 566673, at *1 (citing *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997)); *Ramirez v. Astrue*, No. 07-CV-0183, 2008 WL 3876576, at *2 (W.D. Tex. Aug. 19, 2008) (citing FED. R. APP. P. 24(a)(5)).

---

[12] The case caption in the Fifth Circuit reads: "Fee Status: IFP pending 5CCA."
[13] Plaintiff has not been previously afforded IFP status in this case, although he is proceeding IFP in the related case (4:19-cv-371).

8 / 9

## IV.  CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motions to Stay (Dkt. Nos. 23 & 51) and Motion to Appeal IFP (Dkt. No. 30) be **DENIED**. The Court also recommends Plaintiff's Motion to Remand (Dkt. No. 50) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED i**n Houston, Texas on February 2, 2021.

Sam S. Sheldon
United States Magistrate Judge