United States District Court
Southern District of Texas
**ENTERED**
February 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FIDELIS J. BADAIKI,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:20-CV-2216 |
| § | |
| **SCHLUMBERGER HOLDINGS** § | |
| **CORPORATION,** *et al.*, § | |
| § | |
| Defendants. § | |
| § | |

## MEMORANDUM AND RECOMMENDATION ON PLAINTIFF'S SECOND MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

On February 2, 2021, this Court issued a Memorandum and Recommendation on Plaintiff's two motions to stay and on Plaintiff's first motion to appeal *in forma pauperis* ("Feb. 2 M&R"). (Dkt. No. 55.)[1] The first motion to stay ("Motion to Stay I") requested that this Court stay the proceedings pending Plaintiff's petition for writ of mandamus in the Fifth Circuit ("Mandamus Petition I"), which challenges the transfer of this case from Judge Miller to Judge Eskridge. (Dkt. Nos. 23 & 24.) Plaintiff also requested permission to appeal IFP in relation to Mandamus Petition I. (Dkt. No. 30.) The second motion to stay ("Motion to Stay II") requested that this Court stay the proceedings pending a second petition for writ of mandamus in the Fifth Circuit ("Mandamus Petition II"), which seeks to compel the District Court to remand the case to state court because it lacks subject matter jurisdiction. (Dkt. No. 51.) The Court recommended all three motions be

---

[1] On July 22, 2020, the District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 14.)

denied. (Dkt. No. 55.) At the time of the Feb. 2 M&R, Plaintiff had not yet requested leave to appeal IFP in relation to Mandamus Petition II. Plaintiff has since done so. (Dkt. No. 56.)[2]

Requests to appeal *in forma pauperis* ("IFP") are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. *Smith v. Dallas Cty. Hosp. Dist.*, No. 13-CV-792, 2015 WL 566673, at *1 (N.D. Tex. Feb. 10, 2015); *see* 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]"); FED. R. APP. P. 24(a) (requiring the requesting party to file a motion to appeal IFP in the district court, unless he or she has already been granted IFP status in that action). "A movant seeking leave to proceed IFP on appeal must demonstrate that [he] is a pauper and that [his] appeal is taken in good faith, i.e., that [he] will raise a nonfrivolous issue on appeal." *Winsley v. Fed. Exp. Corp.*, 393 F. App'x 145, 146 (5th Cir. 2010); *see Johnson v. U.S. Farathane*, No. 18-CV-716, 2018 WL 8805372, at *1 (W.D. Tex. Nov. 29, 2018) ("An appeal is taken in good faith if it presents an arguable issue on the merits and therefore is not frivolous.").[3]

The Court finds Mandamus Petition II to be frivolous and therefore not taken in good faith. As described in the Feb. 2 M&R, Plaintiff argues the case could not have been removed from state to federal court because it had been referred to mediation. (Dkt. No. 51-1.) The Court has previously addressed the timing of the mediation referral in comparison with Defendants' notice of removal and concluded that the case was removed before it was referred to mediation. (*See* Dkt.

---

[2] Plaintiff has also filed a motion to appeal IFP with the Fifth Circuit in relation to Mandamus Petition II, which has been assigned case number 21-20039. It is not clear whether the Fifth Circuit has ruled on this motion. The case caption reads: "Fee Status: IFP pending 5CCA."

[3] "An appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Smith*, 2015 WL 566673, at *2 (quotations and alterations omitted).

No. 47 at 17 n.20.) In any event, mediation does not deprive the state court of jurisdiction. Thus, even if the case had already been referred to mediation before it was removed, the state court still maintained jurisdiction and removal was proper under 28 U.S.C. § 1446. Therefore, Mandamus Petition II is not sought in good faith and the Court **RECOMMENDS** Plaintiff's Motion for Leave to Appeal IFP (Dkt. No. 56) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED i**n Houston, Texas on February 5, 2021.

Sam S. Sheldon
United States Magistrate Judge