United States District Court
Southern District of Texas
**ENTERED**
March 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIDELIS J. BADAIKI, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-02216 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SCHLUMBERGER | § | |
| HOLDINGS | § | |
| CORPORATION, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Fidelis J. Badaiki brings claims for racial discrimination, hostile work environment, and retaliation under 42 USC § 1981, as well as for breach of his employment contract. Dkt 1-2 at 24–38. He was previously employed by Cameron International Corporation. He sues not only Cameron International, but also Defendants Schlumberger Holdings Corporation, Schlumberger Limited, Schlumberger Technology Corporation, Paal Kibsgaard, Olivier Le Peuch, Steve McKenzie, Jamilah Cummings, Marisa Henning, John Corkhill, Nathan Cooper, Ray Arbor, Jay Jurena, Ed Gaude, and Henry Weissenborn. He seeks actual damages, penalties, costs, and fees.

Badaiki proceeds here *pro se*. He initially brought action in Texas state court in February 2020. Dkt 1-2 at 1–4. He amended his petition in June 2020. Id at 24–38. A number of Defendants removed the action shortly thereafter. Dkt 1. The case upon removal was originally assigned to Judge Gray Miller. This Court was already presiding over a prior-filed action, *Badaiki v Cameron International Corporation*, where Badaiki also brings employment-discrimination claims against Cameron International. See No

4:19-cv-371. The Fifth Circuit permits transfer in such circumstances. *Save Power Ltd v Syntek Financial Corp*, 121 F3d 947, 950 (5th Cir 1997) (citations omitted). As such, this action was transferred to this Court. Dkt 10.

This action was then referred to Magistrate Judge Sam Sheldon for full pretrial management pursuant to 28 USC § 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure. Dkt 14. Badaiki filed a number of motions as detailed below. The Magistrate Judge issued the subject Memorandum and Recommendation resolving all those motions. Dkt 55. Badaiki filed timely objections and a number of Defendants responded. Dkts 68, 76.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Committee Note (1983).

As noted, Badaiki is a *pro se* litigant. His filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v Pardus*, 551 US 89, 94 (2007), quoting *Estelle v Gamble*, 429 US 97, 106 (1976) (internal quotations omitted). As such, when reviewing *de novo* the recommendation of the Magistrate Judge to the extent raised in objections by Badaiki, his objections have been held to less stringent standards. Even so, the objections lack merit.

1.   Recommendations on motions to stay

Badaiki has pending before the Fifth Circuit two petitions for writs of mandamus. The status of these petitions is unclear, with each being procedurally deficient at various times. Dkt 55 at 5. One was filed in August 2020, seeking to compel transfer of this action back to Judge Miller. Dkt 24. Badaiki there apparently argues that facts were improperly considered without a hearing when the transfer was made. See Dkt 24 at 3–4, 7–8. The other

was filed in January 2021, seeking to compel remand of the action for lack of subject matter jurisdiction. Dkt 51-1 at 5–8.

Badaiki moved to stay this action in August 2020, pending the resolution of his first petition. Dkt 23. Arbor, Cameron International, Cooper, Corkhill, Kibsgaard, Le Peuch, Jurena, and the Schlumberger Defendants opposed the motion to stay. Dkt 28. Badaiki also filed a second motion to stay in January 2021, pending the resolution of his second petition. Dkt 51. Defendants didn't respond to that motion.

The Magistrate Judge recommended that both motions to stay be denied. Dkt 55 at 4–7; Dkts 23, 51. He reasoned that Badaiki isn't likely to succeed on the merits of either mandamus petition, making a stay inappropriate. Dkt 55 at 5–7.

Badaiki doesn't appear to raise any specific objection as to the recommendation on the motion to stay based on his second mandamus petition. But as to the recommendation on the first motion to stay, he appears to object to the determination that his initial mandamus petition is unlikely to succeed on the merits. Dkt 68. He argues that the transfer of this action from Judge Miller to this Court was improper, citing Local Criminal Rule 18(D). Id at 3–7. But that rule is inapplicable in this action, which is a civil matter. He also cites Local Rule 7.6, which pertains to motions for consolidation. Id at 4, 6. A number of Defendants did move to consolidate this action with the prior, similar action. No 4:19-cv-00371, Dkt 32. But that motion was terminated as moot after the transfer. No 4:19-cv-00371, Minute Entry of August 10, 2020. The actions having never been consolidated, Local Rule 7.6 is also inapplicable.

Pertinent here, Defendants requested that this action be assigned to this Court in their notice of removal. Dkt 1 at 2. Badaiki didn't oppose that transfer in any of his several motions and filings at that time. Dkts 5, 7. But even if he had timely objected, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power*, 121 F3d at 950 (citations omitted). This rule helps avoid duplicative litigation and applies where similar suits have been filed in two courts within the same district. Ibid (citation mitted).

Another action was already pending in this Court when the instant action was removed and assigned to Judge Miller. The face of the pleadings shows that both actions involve substantially similar issues and many overlapping parties. No binding determination of fact has been made in any way in this regard. But it does mean that transfer was proper, necessarily making the first mandamus petition unlikely to succeed.

The recommendation by the Magistrate Judge is correct on the merits. The motions to stay will be denied. Dkts 23, 51.

2.   Recommendation on motion to appeal *in forma pauperis*

With the filing of his initial petition for a writ of mandamus to transfer this action back to Judge Miller, Badaiki moved to appeal *in forma pauperis* and submitted an accompanying financial affidavit. Dkt 30. The same Defendants that oppose the motion to stay also oppose this motion, asserting that Badaiki's affidavit is false and misleading. Dkt 33 at 5–8.

Curiously, Badaiki claims that he didn't actually move to appeal *in forma pauperis* in this Court, but rather, that he only filed a copy of the motion as instructed by the Fifth Circuit. Dkt 34 at 1. This is contrary to Federal Rule of Appellate Procedure 24(a), which requires parties to move to appeal *in forma pauperis* in the district court, unless they have already been granted *in forma pauperis* status in that action. Regardless, the Magistrate Judge recommended denial of the motion to appeal *in forma pauperis*. Id at 7–8; Dkt 30. He reasoned that the first mandamus petition is "frivolous and therefore not taken in good faith." Dkt 55 at 8. He thus concluded that Badaiki isn't entitled to appeal *in forma pauperis* as to his first petition. Ibid.

The recommendation by the Magistrate Judge is correct on the merits. Indeed, the Court has already determined that the first mandamus petition isn't likely to succeed on the merits. The motion to pursue that petition *in forma pauperis* will also be denied.

3.   Recommendation on second motion to remand

Badaiki also moved for remand upon argument that subject-matter jurisdiction was lacking because this action had been referred to mediation prior to removal from state court. Dkt 50.

4

A number of Defendants opposed the motion. Dkt 53. The Magistrate Judge recommended denial of remand, reasoning that "even if the case had already been referred to mediation before it was removed, the state court still maintained jurisdiction and removal was proper under 28 USC § 1446." Dkt 55 at 6.

Badaiki has since withdrawn his second motion for remand. Dkt 68 at 9. The motion will thus be denied as moot.

* * * * *

The Court has otherwise reviewed the pleadings, the record, the applicable law, and the recommendation. No other clear error appears.

The Court ADOPTS the Amended Memorandum and Recommendation as the Memorandum and Order of this Court. Dkt 55.

The objections raised by Plaintiff Fidelis J. Badaiki are OVERRULED. Dkt 68.

The motions to stay are DENIED. Dkts 23, 51.

The motion to appeal *in forma pauperis* is DENIED. Dkt 30.

The motion to remand is DENIED AS MOOT. Dkt 50.

SO ORDERED.

Signed on March 10, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge