United States District Court
Southern District of Texas
**ENTERED**
April 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FIDELIS J. BADAIKI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-2216 |
| | § | |
| **SCHLUMBERGER HOLDINGS** | § | |
| **CORPORATION,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Motion to Disqualify Judge Eskridge and the undersigned from this case. (Dkt. No. 52; *see also* Dkt. No. 70.) Defendants oppose the motion. (Dkt. No. 64.) Based on a thorough review of the briefing and relevant law, the Court **RECOMMENDS** Plaintiff's Motion to Disqualify be **DENIED**.

**I.    BACKGROUND**

Plaintiff Fidelis J. Badaiki ("Plaintiff") filed this *pro se* lawsuit in the 125th Judicial District of Harris County, Texas, alleging various claims of racial discrimination under 42 U.S.C. § 1981 associated with his employment at Cameron International Corporation ("Cameron"). (Dkt. No. 1-2 at 24-52.) Defendants Schlumberger Holdings Corporation, Cameron, and various other individual defendants (collectively, "Defendants") removed the case to the Southern District of Texas on June 24, 2020, and the case was randomly assigned to Judge Gray Miller. (Dkt. No. 1.) However, upon Defendants' request and by agreement between the judges, the case was transferred

---

[1] On July 22, 2020, the District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 14.)

to Judge Charles Eskridge. (Dkt. No. 10; *see also* Dkt. No. 1 at 2.) Judge Eskridge presides over a related case—*Badaiki v. Cameron International Corporation*—in which Plaintiff also alleges employment discrimination against Cameron. (Case No. 19-cv-371, Dkt. No. 1-1.)[2] The undersigned is the Magistrate Judge assigned to both cases.

On January 26, 2021, Plaintiff filed a motion under 28 U.S.C. § 455 to disqualify Judge Eskridge and the undersigned from this case. (Dkt. No. 52.) Plaintiff primarily argues: (1) both judges have personal knowledge of the facts of this case from presiding over the related case; and (2) Defendants engaged in improper *ex parte* communication with Judge Eskridge's chambers to discourage him from requiring mediation in the related case. (*Id.* at 3-4.) For the reasons described below, the Court finds that neither argument has merit.

## II. PLAINTIFF HAS NOT MET § 455 STANDARDS REQUIRING RECUSAL

Under 28 U.S.C. § 455, a United States judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," as well as when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a) & (b)(1).[3] "[T]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts and circumstances*." *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 924 (2004) (quotations omitted). In other words, courts must ask "'how things appear to the well-informed, thoughtful and objective

---

[2] However, in *Badaiki v. Cameron International Corporation*, Plaintiff brings claims under Title VII and the Americans with Disabilities Act. (Case No. 19-cv-371, Dkt. No. 1-1.)

[3] Although overlapping, the issues of impartiality and personal bias, prejudice, or knowledge are separate grounds for recusal; the former "deals with the appearance of partiality generally" while the latter "pertains to specific instances of conflicts of interest." *Fields v. Tex. Dep't of State Health Servs.*, No. 16-CV-607, 2018 WL 2933962, at *1 (E.D. Tex. June 12, 2018) (quotations omitted).

observer, rather than the hypersensitive, cynical, and suspicious person,' while remaining 'mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary' would be." *Fields v. Tex. Dep't of State Health Servs.*, No. 16-CV-607, 2018 WL 2933962, at *1 (E.D. Tex. June 12, 2018) (quoting *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995)). The moving party bears a heavy burden to show recusal is warranted, and "[t]he decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse." *Id.*

Plaintiff's grounds for recusal are based on incorrect factual assumptions and fundamental misconceptions of the law. First, Plaintiff takes issue with the fact that Judge Eskridge and the undersigned also preside over his related case, arguing this must mean the judges have "personal knowledge of disputed evidentiary facts" from that case which would prejudice him. (Dkt. No. 52 at 3.)[4] However, presiding over a related case does not give a judge personal knowledge or otherwise cause him to be partial. *See United States v. Bergrin*, 682 F.3d 261, 282 (3d Cir. 2012) ("To warrant reassignment under § 455(a), a case generally must involve apparent bias deriving from an extrajudicial source, meaning something above and beyond judicial rulings or opinions formed in presiding over the case."); *Weber v. Garza*, 570 F.2d 511, 512 n.1 (5th Cir. 1978) ("For purposes of recusal, it is insufficient to allege, without more, that a judge is familiar with the factual and procedural background of a case by reason of having served as a judge in previous related cases."). This is therefore an insufficient basis for recusal.

Second, Plaintiff takes issue with Defendants' allegedly improper *ex parte* communication with Judge Eskridge's case manager in the related case, which he believes caused Judge Eskridge

---

[4] Plaintiff apparently also contests the manner in which this case was transferred from Judge Miller to Judge Eskridge after removal. (Dkt. No. 52 at 2-3.) The Court has already determined that such a transfer was proper and did not involve taking judicial notice of facts without a hearing, as Plaintiff contends. (*See* Dkt. Nos. 55 & 86.)

to excuse mediation as required by his court procedures. (Dkt. No. 52 at 6-7; Dkt. No. 52-2 at 3-4.)[5] Defendants' counsel represents that he called Judge Eskridge's case manager in order to see whether mediation was required given the case had been referred to the undersigned. (Dkt. No. 64-1 ¶ 5.) Defendants then clarified by email with the case manager—to which Plaintiff was copied—that Judge Eskridge's procedures no longer applied. (Dkt. No. 52-2 at 1.) These inquiries were not improper. *See, e.g.*, *AIG Baker Shopping Ctr. Props., LLC v. Deptford Twp. Plan. Bd.*, No. 04-CV-5849, 2006 WL 83107, at *13 (D.N.J. Jan. 10, 2006) (denying motion to recuse based on *ex parte* phone call to judge's chambers, because "[s]uch purely procedural calls in no way bear on the merits of the proceedings to which they are related" and "are commonplace elements of the modern practice of law") (quotations and alterations omitted).

Moreover, the undersigned subsequently held a 38-minute conference on whether mediation should be required in the related case, and Plaintiff was given the opportunity to present his arguments. (Case No. 19-cv-371, Dkt. No. 72.) Although the undersigned ultimately determined that mediation would be futile, this does not demonstrate bias or partiality. *See United States v. Morrison*, 833 F.3d 491, 507 (5th Cir. 2016) ("Adverse trial rulings . . . do not establish bias."); *Peyton v. Lincoln Coll. of Tech.*, No. 10-CV-2144, 2011 WL 13233334, at *3 (N.D. Tex. Aug. 31, 2011) ("Courts often make[] decisions with which one side disagrees, this does not mean that the court has a bias towards one party. [Plaintiff] may disagree with the rulings of this court, but that does not entitle him to a new judge."). Therefore, Plaintiff's second grounds for recusal is also insufficient, and his motion should be denied.[6]

---

[5] Rule 17(c) of Judge Eskridge's procedures requires parties to mediate within 45 days of filing a summary judgment motion, which Defendants filed on November 2, 2020.

[6] Plaintiff makes two additional arguments in his reply. First, Plaintiff argues Defendants' response should be stricken because "they have no authority to advocate for the Judges in this

### III. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion to Disqualify (Dkt. No. 52) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on April 6, 2021.

Sam S. Sheldon
United States Magistrate Judge

---

matter." (Dkt. No. 70 at 1.) However, Defendants' response cannot be characterized as advocating on behalf of either judge. Plaintiff cites no authority—and the Court is aware of none—that the nonmoving party to a recusal motion cannot respond with its interpretation of relevant events and law. Second, Plaintiff seeks to strike the exhibits Defendants use to support their assertion that Plaintiff "has a vexatious history of moving to disqualify judges who rule against him." (Dkt. No. 64 at 6; *see* Dkt. Nos. 64-2 to 64-8.) The undersigned finds it unnecessary to strike these documents, as Plaintiff's argument that they improperly comment on active proceedings is meritless. However, the undersigned did not consider them or Defendants' related argument in this analysis.