United States District Court
Southern District of Texas
**ENTERED**
April 06, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **FIDELIS J. BADAIKI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-CV-2216** |
| | § | |
| **SCHLUMBERGER HOLDINGS** | § | |
| **CORPORATION,** *et al.***,** | § | |
| | § | |
| **Defendants.** | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's motion to stay the case pending mediation. (Dkt. No. 58.) Defendants oppose the request. (Dkt. No. 71.) Based on a thorough review of the briefing and applicable law, the Court **RECOMMENDS** Plaintiff's motion be **DENIED**.

### I.    BACKGROUND

Plaintiff Fidelis J. Badaiki ("Plaintiff") filed this *pro se* lawsuit in the 125th Judicial District of Harris County, Texas, alleging various claims of racial discrimination under 42 U.S.C. § 1981 and breach of contract associated with his employment at Cameron International Corporation ("Cameron"). (Dkt. No. 1-2 at 24-52.) Defendants Cameron, Schlumberger Holdings Corporation, and various individual defendants (collectively, "Defendants") removed the case to the Southern District of Texas on June 24, 2020. (Dkt. No. 1.) On February 4, 2021, Plaintiff filed a motion to stay the case pending mediation as ordered by the state court. (Dkt. No. 58.) Plaintiff argues the state court ordered mediation before Defendants filed their notice of removal, and thus this Court

---

[1] On July 22, 2020, the District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 14.)

must enforce the mediation order and stay the proceedings. (*Id.* at 1-2.) For the reasons described below, the Court finds Plaintiff's argument lacks merit.

## II.   DEFENDANTS SHOULD NOT BE COMPELLED TO MEDIATE AND THE CASE SHOULD NOT BE STAYED AT THIS TIME.

Plaintiff is not entitled to a stay of the case pending mediation. First, contrary to Plaintiff's contention, it is not clear that the state court ordered mediation before Defendants filed their notice of removal. While the mediation order was apparently signed on June 22, 2020, the clerk of court's time stamp states it was filed on June 24, 2020 at 9:56 A.M. (Dkt. No. 58-1.) Defendants' counsel, however, represents that the mediation order did not appear on the state court docket when Defendants filed their notice of removal later that day. (Dkt. No. 36 at 20-22; Dkt. No. 36-1 ¶¶ 14-16; *see also* Dkt. No. 71 at 1.) The Court has taken these representations—made by officers of the court—as true. (*See* Dkt. No. 55 at 6-7; Dkt. No. 59 at 2-3.) Moreover, Plaintiff has attempted to clarify this issue with the state court, apparently to no avail. (*See* Dkt. Nos. 72 & 73.) Until Plaintiff is able to do so, this Court maintains that the case was removed before any mediation order came into effect.

Second, even if the state court did order mediation before removal, this Court declines to enforce that decision. After a case is removed to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450; *see Resol. Tr. Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1316 (5th Cir. 1992) ("A prior state court order in essence is federalized when the action is removed to federal court[.]"). However, "the order remains subject to reconsideration just as it had been prior to removal." *Resol. Tr. Corp.*, 958 F.2d at 1316 (quotations omitted); *see also Fields v. Emmerich*, No. 13-CV-509, 2014 WL 3828170, at *2 (D.

Minn. Aug. 4, 2014) ("Orders of the state court may be modified, opened, or set aside by a federal court after removal."); *Laney ex rel. Laney v. Schneider Nat'l Carriers, Inc.*, 259 F.R.D. 562, 564 (N.D. Okla. 2009) ("[A] federal court is free to reconsider a state court order and to treat the order as it would any interlocutory order it might itself have entered."). A state court order in this situation is not entitled to deference, *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988), and "because federal procedure governs the enforcement of a prior state court order removed to federal court, the federal court should ensure that the order is consistent with the federal rules." *Laney*, 259 F.R.D. at 565.

The Federal Rules of Civil Procedure do not require mediation. *See Avila v. Allstate Tex. Lloyd's*, No. 16-CV-321, 2016 WL 9414124, at *3 (W.D. Tex. Oct. 14, 2016); *see also* Local Rule of the Southern District of Texas 16.4.B(2) ("The judge *may* require the use of mediation[.]"). Plaintiff points out that Texas's ADR Act—which was the basis of the state court's mediation order—allows a court to "refer a pending dispute for resolution by an alternative dispute resolution procedure." TEX. CIV. PRAC. & REM. CODE § 154.021(a). However, Plaintiff fails to adequately explain why the ADR Act should continue to apply to this case in federal court.[2] *Cf. Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 296-99 (5th Cir. 2016) (finding that a healthcare liability provision of the Texas Civil Practice and Remedies Code does not apply in federal court); *Avila*, 2016 WL 9414124, at *2-4 (finding that a mediation provision in the Texas Insurance Code does not apply in federal court because it conflicts with federal rules and statutes that create different

---

[2] Plaintiff does argue that a 2015 settlement agreement between the parties—which forms the basis of his breach of contract claim—directs the Court to apply Texas law in this case. (Dkt. No. 75 at 8.) The settlement agreement states that "Texas law shall govern *the validity and interpretation* of this Agreement. (Dkt. No. 62 ¶ 7 (emphasis added).) Texas's ADR Act is not relevant to the interpretation of the settlement agreement or any other substantive analysis. Plaintiff's argument is therefore inapposite.

deadlines and make mediation permissive). Defendants represent that mediation would be a waste

of time and resources. (Dkt. No. 71 at 2.) The Court agrees.[3] Thus, to the extent the state court did

order mediation before removal, the Court finds it appropriate to set aside the order. *See, e.g.*,

*Michels v. Safeco Ins. Co. of Ind.*, No. 12-CV-511, 2012 WL 12850264, at *2 & n.5 (W.D. Tex.

Aug. 14, 2012) (declining to require mediation even though the state court judge had ordered

mediation before removal).

      Finally, a court has wide discretion in deciding whether to stay the proceedings before it.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to

the power inherent in every court to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel, and for litigants."); *In re Ramu*, 903 F.2d 312,

318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide

discretion to control the course of litigation."). "Only where there is something close to genuine

necessity should a district court grant a discretionary stay based on its inherent power to do so[.]"

*Grant v. Houser*, 799 F. Supp. 2d 673, 675 (E.D. La. 2011) (quotations omitted); *see also Coastal

(Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985) ("[T]he moving party

bears a heavy burden to show why a stay should be granted[.]"). Plaintiff has failed to even argue

why a stay would be necessary should the Court order mediation. Courts frequently direct parties

to mediate without staying the case. Indeed, the state court order here never discussed a stay

pending mediation. (*See* Dkt. No. 58-1.) The Court finds it inappropriate to exercise its discretion

under these circumstances.

---

[3] The Court came to the same conclusion in the related case, *Badaiki v. Cameron International Corporation*, after hearing extensive oral argument on the issue. (Case No. 19-cv-371, Dkt. No. 72.)

### III.     CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion to Stay (Dkt. No. 58) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on April 6, 2021.

Sam S. Sheldon
United States Magistrate Judge