United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIDELIS J. BADAIKI, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-02216 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SCHLUMBERGER | § | |
| HOLDINGS | § | |
| CORPORATION, *et al*, | § | |
| Defendants. | § | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

Plaintiff Fidelis J. Badaiki brings claims for racial discrimination, hostile work environment, and retaliation under 42 USC § 1981, as well as for breach of his employment contract. Dkt 13-1 at 9–14. He was previously employed by Defendant Cameron International Corporation. He sues not only Cameron International, but also Defendants Schlumberger Holdings Corporation, Schlumberger Limited, Schlumberger Technology Corporation, Paal Kibsgaard, Olivier Le Peuch, Steve McKenzie, Jamilah Cummings, Marisa Henning, John Corkhill, Nathan Cooper, Ray Arbor, Jay Jurena, Ed Gaude, and Henry Weissenborn. He seeks actual damages, penalties, costs, and fees.

Badaiki proceeds here *pro se*. He initially brought action in Texas state court in February 2020. Dkt 1-2 at 1–5. He then amended his petition in June 2020. Id at 24–38. A number of Defendants removed the action shortly thereafter. Dkt 1. The case was originally assigned to Judge Gray Miller upon removal. A prior-filed action by Badaiki in which he asserts claims under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-2(a), and the Americans with Disabilities Act against Cameron was

already pending before this Court. See *Badaiki v Cameron International Corporation*, Civil Action No 19-cv-371. The Fifth Circuit permits transfer in such circumstances. *Save Power Ltd v Syntek Financial Corp*, 121 F3d 947, 950 (5th Cir 1997) (citations omitted).

As such, this action was transferred to this Court upon Defendants' request and by agreement between the judges. Dkts 1, 10. It was then referred to Magistrate Judge Sam Sheldon for full pretrial management pursuant to 28 USC § 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure. Dkt 14. Judge Sheldon later granted a motion by Badaiki for leave to amend his pleadings and his second amended complaint remains operative. Dkts 13, 13-1, 54.

Badaiki moved to stay this action in February 2021 pending mediation as allegedly ordered by the state court. Dkt 58. He argues that the state court ordered mediation before Defendants removed the action, so this Court must enforce the mediation order and stay the proceedings. Id at 1–2. Defendants responded in opposition later that month, and Badaiki replied. Dkts 71, 75.

Judge Sheldon issued a Memorandum and Recommendation in April 2021, recommending denial of the motion to stay. Dkt 90. He determined that it's unclear whether the state court actually ordered mediation before Defendants removed the action. Id at 2. But even if it did, he declined to enforce that order because federal procedure governs the enforcement of a prior state court order, the Federal Rules of Civil Procedure don't require mediation, and federal courts have wide discretion in deciding whether to stay the proceedings. Id at 3–4. Badaiki filed objections. Dkt 92. Defendants responded that the objections should be overruled and that the Memorandum and Recommendation should be adopted as issued. Dkt 97.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005),

citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Committee Note (1983).

As noted, Badaiki is a *pro se* litigant. His filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v Pardus*, 551 US 89, 94 (2007), quoting *Estelle v Gamble*, 429 US 97, 106 (1976) (quotations omitted). As such, when reviewing *de novo* the recommendation of the Magistrate Judge to the extent raised in objections by Badaiki, his objections have been held to less stringent standards. Even so, the objections lack merit.

*First,* Badaiki argues that this Court must enforce the state court's mediation order because it's the law of the case. Dkt 92 at 8–9. "Federal procedure governs the enforcement of a prior state court order in a case removed to federal court." *Resolution Trust Corp v Northpark Joint Venture*, 958 F2d 1313, 1316 (5th Cir 1992). And where a "state court's ruling is purely interlocutory, it remains subject to reconsideration just as it had been prior to removal." *Nissho-Iwai American Corp v Kline*, 845 F 2d 1300, 1303 (5th Cir 1988), citing *General Investment Co v Lake Shore & Michigan Southern Railway*, 260 US 261, 267 (1922). An order staying an action is purely interlocutory, and there's no requirement to mediate under the Federal Rules. Thus, even assuming that the state court ordered mediation, Judge Sheldon properly recommended that this Court reconsider that order and decline to enforce it. The Court agrees with that recommendation, as there is presently no reason to stay this action.

*Second,* Badaiki argues that this Court has exhibited prejudice and bias against him by not ordering the parties to mediate according to Section 17(c) of its procedures. Dkt 92 at 9–10. But no party has moved for summary judgment in this action, which is central to procedures set out at Section 17(c). As such, it simply isn't applicable and in no way signifies prejudice or bias.

*Third,* Badaiki argues that counsel for Defendants "failed to show any written document where the actual defendants individually and timely oppose mediation." Id at 10–12. But Defendants responded in opposition to his motion to stay

3

pending mediation several weeks after his filing. Dkt 71.

Badaiki raises other arguments along these same lines, largely repeating those already addressed. Id at 11–13. These lack any discernible legal basis.

The recommendation by Judge Sheldon is correct on the merits. The Court has otherwise reviewed the pleadings, the record, the applicable law, and the recommendation. No other clear error appears.

The Court ADOPTS the Memorandum and Recommendation as the Memorandum and Order of this Court. Dkt 90.

The motion by Plaintiff Fidelis J. Badaiki to stay this action in pending mediation is DENIED. Dkt 58.

SO ORDERED.

Signed on June 10, 2021, at Houston, Texas.

*[signature]*
Hon. Charles Eskridge
United States District Judge