United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIDELIS J. BADAIKI, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-02216 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SCHLUMBERGER | § | |
| HOLDINGS | § | |
| CORPORATION, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Fidelis J. Badaiki brings claims for racial discrimination, hostile work environment, and retaliation under 42 USC § 1981, as well as for breach of his employment contract. Dkt 13-1 at 9–14. He was previously employed by Defendant Cameron International Corporation. He sues not only Cameron International, but also Defendants Schlumberger Holdings Corporation, Schlumberger Limited, Schlumberger Technology Corporation, Paal Kibsgaard, Olivier Le Peuch, Steve McKenzie, Jamilah Cummings, Marisa Henning, John Corkhill, Nathan Cooper, Ray Arbor, Jay Jurena, Ed Gaude, and Henry Weissenborn. He seeks actual damages, penalties, costs, and fees.

Badaiki proceeds here *pro se*. He initially brought action in Texas state court in February 2020. Dkt 1-2 at 1–5. He then amended his petition in June 2020. Id at 24–38. A number of Defendants removed the action shortly thereafter. Dkt 1. The case was originally assigned to Judge Gray Miller upon removal. A prior-filed action by Badaiki in which he asserts claims under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-2(a), and the Americans with Disabilities Act against Cameron was

already pending before this Court. See *Badaiki v Cameron International Corporation*, Civil Action No 19-cv-371. The Fifth Circuit permits transfer in such circumstances. *Save Power Ltd v Syntek Financial Corp*, 121 F3d 947, 950 (5th Cir 1997) (citations omitted).

As such, this action was transferred to this Court upon Defendants' request and by agreement between the judges. Dkts 1, 10. It was then referred to Magistrate Judge Sam Sheldon for full pretrial management pursuant to 28 USC § 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure. Dkt 14. Judge Sheldon later granted a motion by Badaiki for leave to amend his pleadings, and his second amended complaint remains operative. Dkts 13, 13-1, 54.

Badaiki moved to disqualify this Court and Judge Sheldon in January 2021 pursuant to 28 USC § 455. Dkt 52. He argues that this Court and Judge Sheldon have personal knowledge of the facts of this case from presiding over the related case and that Defendants engaged in improper *ex parte* communication with this Court's Case Manager to discourage him from requiring mediation in the related case. Id at 3–4. Defendants responded in opposition in February 2021. Dkt 64.

Judge Sheldon issued a Memorandum and Recommendation in April 2021, recommending denial of the motion to disqualify because Badaiki failed to satisfy his burden as the movant under 28 USC § 455. Dkt 89. Badaiki filed objections. Dkt 93. Defendants responded that the objections should be overruled and that the Memorandum and Recommendation should be adopted as issued. Dkt 96.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Committee Note (1983).

As noted, Badaiki is a *pro se* litigant. His filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v Pardus*, 551 US 89, 94 (2007), quoting *Estelle v Gamble*, 429 US 97, 106 (1976) (quotations omitted). As such, when reviewing *de novo* the recommendation of the Magistrate Judge to the extent raised in objections by Badaiki, his objections have been held to less stringent standards. Even so, the objections lack merit.

*First,* Badaiki argues that his motion to recuse should be granted because this Court exhibited prejudice and bias against him by allowing this action to be transferred from Judge Miller without a hearing. Dkt 93 at 3, 7. Left unacknowledged is that Defendants requested that this action be assigned to this Court in their notice of removal. Dkt 1 at 2. Badaiki didn't oppose that transfer in his several motions and filings at that time. Dkts 5, 7. Even if he had timely objected, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power*, 121 F3d at 950 (citations omitted). This rule helps avoid duplicative litigation and applies where similar suits have been filed in two courts within the same district. Ibid (citation omitted). And here, another action was already pending in this Court when the instant action was removed and assigned to Judge Miller. The face of the pleadings shows that they involve substantially similar issues and many overlapping parties. Transfer was thus entirely proper and within procedural norms, while signifying no evidence of prejudice or bias against Badaiki. And indeed, no binding determination of fact has been made in any way in this regard.

*Second,* Badaiki argues that it is prejudicial for this Court and Judge Sheldon to preside over both of his related actions because "personal knowledge of disputed evidentiary facts" in the earlier filed action will result in "bias and prejudice" against him in this action. Dkt 93 at 4. But Fifth Circuit precedent clearly contemplates that the same judge should preside over substantially related actions involving the same parties. See *Save Power*, 121 F3d at 950 (citations omitted).

*Third,* Badaiki argues that this Court has exhibited prejudice and bias against him by not ordering the parties to mediate according to Section 17(c) of its procedures. Dkt 93 at 5–7. But no party has moved for summary judgment in this action, which is central to procedure set out at Section 17(c). As such, it simply isn't applicable and in no way signifies prejudice or bias.

*Fourth,* Badaiki objects to determination and recommendation that mediation would be futile and thus unnecessary. Dkt 93. Badaiki gives no indication as to why mediation would be productive, instead devoting several pages to argument that counsel for Defendants are allegedly corrupt. Id at 8–11. Successful mediation requires good faith and good will on the part of all parties. Mediation is typically something voluntarily undertaken by parties. The parties are free to so proceed, but an order in this regard isn't appropriate at this time.

The recommendation by Judge Sheldon is correct on the merits. The Court has otherwise reviewed the pleadings, the record, the applicable law, and the recommendation. No other clear error appears.

The Court ADOPTS the Memorandum and Recommendation as the Memorandum and Order of this Court. Dkt 89.

The motion by Plaintiff Fidelis J. Badaiki to disqualify this Court and Magistrate Judge Sam Sheldon is DENIED. Dkt 52.

SO ORDERED.

Signed on June 10, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

4