United States District Court
Southern District of Texas
**ENTERED**
November 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIDELIS J. BADAIKI, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-02216 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SCHLUMBERGER | § | |
| HOLDINGS | § | |
| CORPORATION, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Pending is a Memorandum and Recommendation by Magistrate Judge Sam Sheldon recommending that the motion by Defendants to dismiss be granted and that the motions by *pro se* Plaintiff Fidelis J. Badaiki to be heard and for leave to amend be denied. Also before the Court are Badaiki's objections to that determination by the Magistrate Judge. The objections are overruled, and the Memorandum and Recommendation is adopted as the opinion and order of this Court.

Badaiki also has a second currently pending action against Defendant Cameron International Corporation. *Badaiki v Cameron International Corp*, No 4:19-cv-00371 (SD Tex). Judge Sheldon issued a Memorandum and Recommendation in that case recommending that the motion for summary judgment by Cameron be granted and that the motions by Badaiki for leave to file audio recordings and for summary judgment be denied. Badaiki also objected to that Memorandum and Recommendation, which was adopted with his objections overruled. That

order should be read in conjunction with this order for further information on background and proceedings.

1. Background

Plaintiff Fidelis J. Badaiki brings claims for racial discrimination, hostile work environment, and retaliation under 42 USC § 1981, as well as for breach of his employment contract. Dkt 13-1 at 9–14. He was previously employed by Defendant Cameron International Corporation. Yet he sues not only Cameron, but also Defendants Schlumberger Holdings Corporation, Schlumberger Limited, Schlumberger Technology Corporation, Paal Kibsgaard, Olivier Le Peuch, Steve McKenzie, Jamilah Cummings, Marisa Henning, John Corkhill, Nathan Cooper, Ray Arbor, Jay Jurena, Ed Gaude, and Henry Weissenborn. He seeks actual damages, penalties, costs, and fees. Dkt 1-2.

Badaiki proceeds here *pro se*. He initially brought action in Texas state court in February 2020. Dkt 1-2 at 1–5. He amended his petition in June 2020. Id at 24–38. Defendants then removed the action and immediately moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkts 1 & 2.

The case was originally assigned to Judge Gray Miller upon removal. A prior-filed action by Badaiki in which he asserts claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act against Cameron was already pending before this Court. See *Badaiki v Cameron International Corporation*, No 4:19-cv-00371 (SD Tex). The Fifth Circuit permits transfer in such circumstances. *Save Power Ltd v Syntek Financial Corp*, 121 F3d 947, 950 (5th Cir 1997). Consequently, this action was transferred to this Court upon Defendants' request and by agreement between the judges. Dkts 1 & 10.

It was then referred to Magistrate Judge Sam Sheldon for full pretrial management pursuant to 28 USC § 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure. Dkt 14. He denied without prejudice two outstanding motions to dismiss and granted a motion by

2

Badaiki for leave to amend his pleadings in February 2021. Badaiki's second amended complaint remains operative. Dkts 2, 13, 13-1, 22, & 54.

Defendants moved to dismiss the second amended complaint pursuant to Rule 12(b)(6) in February 2021. Dkt 63. They argue that Badaiki's § 1981 claims are time-barred and otherwise fail on the merits. Id at 16–26. They also assert that his breach-of-contract claims fail because he hasn't shown that he was in contractual privity with any Defendants. Id at 26–31.

Badaiki filed his own motion to be heard on the propriety of taking judicial notice under Federal Rule of Evidence 201(e). Dkt 82. Specifically, he opposes judicial notice of certain publicly available court filings and Equal Employment Opportunity Commission proceedings pertaining to this case and his related cases. Ibid; see also Dkt 63 at 8 n 2, 9 n 3, 10 n 4, 17. He also opposes the Court's consideration of the Code of Conduct and the Settlement Agreement. Dkt 82; see also Dkt 62.

Judge Sheldon issued a Memorandum and Recommendation that addressed both motions in August 2021. Dkt 104.

*As to the motion to dismiss.* Judge Sheldon determined that Badaiki "alleges racial discrimination in only a conclusory manner and therefore does not meet his burden of pleading 'but for' causation" as required by Section 1981. Id at 10–14. He next determined that Badaiki's breach-of-contract claims are time-barred to the extent that he "alleges that Defendants intended to breach the Settlement Agreement before it was formed or immediately upon his return to work in February 2015." Id at 15. And he further determined that Badaiki otherwise "fails to identify a provision of the contract Defendants allegedly breached by firing him." Ibid. He thus recommended granting the motion to dismiss. Id at 19.

Judge Sheldon further noted that Badaiki had already filed three complaints, Defendants had twice moved to dismiss, and Badaiki was previously warned that the Court

3

would "not grant any further amendments absent extremely compelling circumstances." Ibid, quoting Dkt 54 at 5 (quotation marks omitted). And at the time of the M&R, Badaiki hadn't asked for leave to amend, submitted a proposed amendment, or otherwise indicated how he might cure the deficiencies identified by Defendants. Dkt 104 at 18. Judge Sheldon thus recommended that dismissal enter without leave to again amend. Id at 19.

*As to the motion to be heard*. Judge Sheldon determined that "Rule 201(e) does not require a formal hearing," but even so he was "able to resolve Defendants' Motion to Dismiss without taking judicial notice." Id at 5, 15 n 9. He thus recommended denying the motion to be heard. Id at 19.

Badaiki filed objections. Dkt 108. Defendants submitted a joint response arguing that the M&R should be adopted. Dkt 110.

### 2. Legal standard

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) advisory committee note (1983).

As noted, Badaiki is a *pro se* litigant. His filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v Pardus*, 551 US 89, 94 (2007), quoting *Estelle v Gamble*, 429 US 97, 106 (1976) (quotation marks omitted).

### 3. Analysis

Badaiki's objections have been held to less stringent standards given his *pro se* status. Even so, when reviewing

4

*de novo* the recommendation of the Magistrate Judge to the extent raised in his objections, the objections lack merit.

*First,* Badaiki argues that the motion to dismiss must be stricken because Defendants didn't include a certificate of conference with their motion as required by Section 17 of this Court's procedures. Dkt 108 at 1–3. To the contrary, enforcement of this Court's procedures is wholly discretionary. Here, prior conference wasn't needed as to the pending motion to dismiss because Defendants had already moved to dismiss on essentially the same grounds. Badaiki thus had full knowledge of Defendants' objections when Judge Sheldon gave him the opportunity to amend his pleading. Dkts 2, 9, 22, & 54.

*Second,* Badaiki contends that he should be granted leave to file an amended petition because the defects in his complaint noted in the M&R are curable. Dkt 108 at 3. Throughout his objections, he also alludes to evidence that he proposes including in his third amended complaint. Id at 3, 7–8, 13–14, 17–26. To the contrary, Badaiki was warned by Judge Sheldon that the Court would "not grant any further amendments absent extremely compelling circumstances." Dkt 54 at 5; Dkt 104 at 19. Badaiki attempts no such showing, and indeed, nothing explains why he didn't timely include this supposed "new evidence."

*Third,* Badaiki objects to the *Background* section of the M&R, although he fails to specify the facts to which his objection applies or why he objects. Dkt 108 at 4. This is insufficient to state an objection requiring a ruling. And in any event, he doesn't link it to any objection that undermines the recommendations made.

*Fourth*, Badaiki reasserts that Rule 201(e) of the Federal Rules of Evidence entitled him to a hearing regarding the propriety of taking judicial notice of facts in exhibits attached to Defendants' motion to dismiss. Id at 4; see Dkts 63 (motion); 63-2 (*Exhibit A*, order dismissing *Badaiki v Schlumberger Holdings Corp*, No 2020-16532 (11th Dist Ct, Harris County, Tex Feb 28, 2020)); 63-3 (*Exhibit B*, order granting attorney fees and costs to Defendants in *Badaiki,* No 2020-16532); 63-4 (*Exhibit C,*

December 2016 EEOC charge); 62 (*Exhibit D*, Settlement Agreement). To the contrary, the Magistrate Judge was able to resolve the motion to dismiss without taking judicial notice. In particular, Badaiki referred to the Settlement Agreement throughout his second amended complaint. See Dkt 13-1. This document may therefore be considered. See *Collins v Morgan Stanley Dean Witter*, 224 F3d 496, 498–99 (5th Cir 2000). And even if resolution did require judicial notice, an "opponent's right to be heard before a court takes judicial notice of a fact does not, under all circumstances, require a formal hearing on the matter." *MAZ Encryption Technologies LLC v Blackberry Ltd*, 347 F Supp 3d 283, 293 (ND Tex 2018), citing *Center for Biological Diversity Inc v BP America Production Co*, 704 F3d 413, 423 (5th Cir 2013). Here, Badaiki briefed the issue several times, which was considered. This satisfied any hearing requirement of Rule 201(e). Dkt 7; Dkt 82; Dkt 83 at 7, 30; see also *MAZ*, 347 F Supp 3d at 293.

*Fifth*, Badaiki insists that Judge Sheldon erred in interpreting his "promotion-related allegations as part of his hostile work environment claim." Dkt 108 at 6, quoting Dkt 104 at 8 n 6. But Judge Sheldon concluded that the statute of limitations would bar a separate "failure-to-promote claim." Dkt 104 at 8 n 6. This means that even if the allegations did constitute a separate claim, that claim would be barred. See Dkt 13-1 at ¶¶ 12, 56. Badaiki doesn't challenge this conclusion, and no clear error appears on the record as to that conclusion. See *Guillory*, 434 F3d at 308.

*Sixth*, Badaiki generally asserts that his race-discrimination and retaliation claims were sufficient to survive a Rule 12(b)(6) motion. He doesn't develop the argument as to his race-discrimination claim. Regarding his retaliation claim, he emphasizes his original EEOC charge and the internal complaints he filed with his former employer. Dkt 108 at 8; Dkt 13-1 at ¶¶ 9–10, 11, 16, 36–38. Any claim based on conduct that occurred before February 18, 2016 is barred by the statute of limitations. And a *de novo* review of the relevant pleadings reveals that Badaiki failed to plead facts that plausibly support a determination

that he wouldn't have been harassed *but for* his race and that the alleged retaliation wouldn't have occurred *but for* protected activity. See *Comcast Corporation v National Association of African American-Owned Media*, 140 SCt 1009, 1019 (2020).

*Seventh*, Badaiki takes issue with Judge Sheldon's application of the *but for* causation requirement of 42 USC § 1981. He quotes *Comcast*, arguing that his complaint tracks the "example" put forth by the majority opinion. Dkt 108 at 9–10, quoting 140 SCt at 1015 (2020). Alternatively, he argues that the *but for* test established by *Comcast* shouldn't apply to this case because he filed this suit in February 2020, about a month before the Supreme Court published *Comcast*. Dkt 108 at 10. To the contrary, Badaiki has twice amended his complaint after the Supreme Court released *Comcast*. Consequently, *Comcast* applies to his operative complaint. See *King v Dogan*, 31 F3d 344, 346 (5th Cir 1994). And *Comcast* held that plaintiffs "must initially plead" *but for* causation when bringing § 1981 claims. 140 SCt at 1019. As determined above, Badaiki has failed to make such a showing.

*Eighth*, Badaiki disagrees with Judge Sheldon's finding that he "failed to allege a breach of contract claim for either the Settlement Agreement or the Code of Conduct." Dkt 104 at 14. Badaiki points to email negotiations between the parties titled "Racism Retaliation Discrimination ADA," arguing that they created a contract. Dkt 108 at 10–12; Dkt 1-2 at 8–22 (email negotiations). Moreover, he suggests that the agreed upon length of employment established by this purported contract should be interpreted in his favor. Dkt 108 at 11. Regarding the Code of Conduct, Badaiki argues that it employs "binding language" and thus creates a contract. Dkt 108 at 13.

To the contrary, the emails don't constitute a contract, as the Settlement Agreement states that it "contains the entire understanding between [the parties] and supersedes all prior agreements and understandings related to the subject matter of this Agreement." Dkt 62 at 5. The claim also fails as to the Code of Conduct. Absent special

7

circumstances, "employee handbooks constitute no more than general guidelines and do not create contractual rights in employees." *Garcia v Reeves County*, 32 F3d 200, 203–04 (5th Cir 1994). And Texas courts have found that a handbook doesn't bind the parties if an employer can unilaterally amend it. For example, see *Hicks v Baylor University Medical Center*, 789 SW2d 299, 302 (Tex App—Dallas 1990, no pet); *Berry v Doctor's Health Facilities*, 715 SW2d 60, 62 (Tex App—Dallas 1986, no pet). Here, the Code "allows Cameron to unilaterally amend it at any time without providing employees with a hard copy." Dkt 104 at 17, citing Dkt 13-5 at 7. It also "frames itself as a general guide for navigating workplace conflicts." Dkt 104 at 17, citing Dkt 13-5 at 2. Quite simply, the Code doesn't establish a contract.

*Ninth*, Badaiki challenges Judge Sheldon's application of the statute of limitations, asserting that the limitations period runs from the time he was fired in March 2016, not the time he was reinstated in February 2015. Dkt 108 at 13. "It is well-settled law that a breach of contract claim accrues when the contract is breached." *Stine v Stewart*, 80 SW3d 586, 592 (Tex 2002). To the extent that Badaiki claims that Defendants breached "the Settlement Agreement before it was formed or immediately upon his return to work in February 2015," that claim accrued in 2015 and is therefore barred by the four-year statute of limitations. Dkt 104 at 15; Tex Civil Practice & Remedies Code Ann §§ 16.004, 16.051. To the extent that he alleges that the breach occurred at the time of his firing—a claim that would have accrued March 2017 and thus wouldn't be barred by the statute of limitations—Badaiki failed to identify a contractual provision that Defendants breached. See Dkt 62 at 2–6 (settlement agreement).

Badaiki raises variations on these arguments throughout his objections, largely repeating those already summarized. Dkt 108 at 1–16. All lack a legal basis.

In sum, the Court has reviewed the pertinent portions of the recommendation by Judge Sheldon *de novo*. It's correct on the merits. The Court has otherwise reviewed

the pleadings, the record, the applicable law, and the recommendation. No clear error appears.

4. Conclusion

The Memorandum and Recommendation by the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 104.

The objections by Plaintiff Fidelis J. Badaiki are OVERRULED. Dkt 108.

The motion to dismiss by Defendants Schlumberger Holdings Corporation, Schlumberger Limited, Schlumberger Technology Corporation, Paal Kibsgaard, Olivier Le Peuch, Steve McKenzie, Jamilah Cummings, Marisa Henning, John Corkhill, Nathan Cooper, Ray Arbor, Jay Jurena, Ed Gaude, and Henry Weissenborn is GRANTED. Dkt 63.

The motion by Badaiki to be heard on the propriety of taking judicial notice under Federal Rule of Evidence 201(e) is DENIED. Dkt 82.

The claims asserted by Badaiki against Defendants are DISMISSED WITH PREJUDICE.

Any other motions are DENIED AS MOOT.

This case is CLOSED. A final judgment will enter separately.

SO ORDERED.

Signed on November 26, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge